## ST. PETER'S ROMAN CATHOLIC CONGREGATION

### *v.*

## NICHOLAS GERMAIN.

*Filed at Mt. Vernon June 21, 1882—Rehearing denied November Term, 1882.*

1.  STATUTES—*when two are construed together.*    All statutes relating to the same subject matter should be construed *in pari materia,* so as to give them all their appropriate effect and operation, unless there is some imperative reason for departing from this rule.

2.  RELIGIOUS SOCIETIES—*limitation upon their right to acquire lands.* The limitation in the Revised Statutes of 1845, and in the act of 1872 on the same subject, as to the capacity of religious societies or corporations to acquire and hold real estate, applies to such societies formed under the act of 1869, though that act contains no words of limitation, and hence when a religious society organized under the act of 1869 has acquired ten acres of land, all contracts and conveyances to it of any other real estate are void, as falling within the statutory limitation upon its capacity.

3.  It is a well settled rule that when a corporation is forbidden to take or receive lands, such prohibition goes to its capacity to acquire, and a deed made to it under such circumstances passes no title, and the conveyance will be absolutely void; and the same rule applies when such corporation has once exhausted its capacity in acquiring land to the limit that is given.

4.  CORPORATION—*limitation of powers by subsequent legislation.* Where a general law for the incorporation of corporate bodies contains no limitations as to the capacity to acquire and hold lands, but declares that such act shall be subject to any limitation or modification that may thereafter be enacted by general law as to the amount of real estate to be held by such corporations, a subsequent general law limiting their capacity to acquire lands to ten acres will bind them, and any conveyance to them of land afterwards, when they have already acquired ten acres or more of land, will be null and void.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for the plaintiff in error:

The plaintiff was, by section 2 of the act of 1869, (Laws 1869, p. 67,) under which it was organized, unrestricted as to its power to receive, hold, dispose of and convey any kind of property.    The legislature, however, by section 10 of the

same act, reserved the right to limit, by general law, the power of corporations organized under that act to hold real estate, there being no reservation in the act concerning the power to receive, dispose of or convey any kind of property.

The general Incorporation law of 1872, (Rev. Stat. chap. 32, sec. 42,) the only general law upon the subject, contains no provision limiting the holding of land, and has therefore no application to corporations formed under the act of 1869. There is a broad distinction between the power to take and the power to hold. Angell & Ames on Corporations, sec. 152; *Banks* v. *Poitiaux*, 3 Rand. 136.

But even conceding that the general Incorporation law applies to corporations formed under the act of 1869, there being a power given by the former law to take a limited quantity of land, the question whether any religious corporation has received more land than is permitted by law, is one which can only be raised by the State in a direct proceeding. *De Camp* v. *Dobbins*, 29 N. J. Eq. 36; Perry on Trusts, sec. 45; *Bogardus* v. *Trinity Church*, 4 Sandf. Ch. 633; *Wade* v. *Am. Col. Society*, 7 S. & M. 663; Angell & Ames on Corp. secs. 151–153, 777; 2 Washburn on Real Prop. 567; *Vidal* v. *Philadelphia*, 2 How. 191; *Leazure* v. *Hillegas*, 7 S. & R. 313.

Nor do the cases of *Carroll* v. *East St. Louis*, 67 Ill. 568, *Starkweather* v. *American Bible Society*, 72 id. 50, and *United States Trust Co.* v. *Lee*, 73 id. 142, in any manner deny the principle established by the authorities above cited.

Messrs. HAY & KNISPEL, and Mr. A. S. WILDERMAN, for the defendant in error:

We contend the judgment of the circuit court is right, and ought to be affirmed, because—

*First*—If plaintiff in error has no title, no matter why, it can not succeed. It must succeed upon the strength of its own title—in other words, it must have the legal title to the lands in question, or be defeated in this action, and an equity

will not do.   *Fischer* v. *Eslaman*, 68 Ill. 78 ; *Sidwell* v. *Schumacher*, 99 id. 426 ; *Stumpf* v. *Osterhage*, 94 id. 115 ; *Mester* v. *Hauser*, 94 id. 433 ; *Cobb* v. *Lavalle*, 89 id. 331.

*Second*—If the plaintiff in error was prohibited by law from taking and holding lands, then the deed under which it claims title was void, and passed no title to it ; hence the point made by counsel for plaintiff in error, that the question of power, etc., can be raised by the State only, has no application. *Penn* v. *Bornman et al.* 102 Ill. 523 ; *Cincinnati Mutual Health Association* v. *Rosenthal*, 55 id. 85 ; *Carroll* v. *East St. Louis*, 67 id. 568 ; *Starkweather* v. *American Bible Society*, 72 id. 50 ; *United States Trust Co.* v. *Lee*, 73 id. 142 ; *Fridley* v. *Bowen*, 87 id. 151 ; *Bank of the United States* v. *Owens*, 2 Pet. 527.

*Third*—But the plaintiff in error was and is prohibited by law from taking the lands in question ; therefore the deed was void, and plaintiff in error took no title, and so can not maintain this action.   Rev. Stat. 1874, ch. 32, sec. 42 ; Public Laws of 1869, p. 67, sec. 10 ; *Carroll* v. *East St. Louis*, 67 Ill. 568 ; *Starkweather* v. *American Bible Society*, 72 id. 50 ; *United States Trust Co.* v. *Lee*, 73 id. 142 ; *Fridley* v. *Bowen*, 87 id. 151.

*Fourth*—The power to regulate corporations exists in government to the same extent that it does to regulate individuals.   There can be no vested right to do wrong, and generally there can be no vested right to be exempt from the operation of the general laws of the land, whether such right be claimed by an individual or a corporation.   *Bank of the Republic* v. *Hamilton County*, 21 Ill. 53 ; *Ruggles* v. *The People*, 91 id. 256 ; *Illinois Central R. R. Co.* v. *The People*, 95 id. 313 ; *Ward* v. *Farwell*, 97 id. 593 ; *Gulliver* v. *Roelle*, 100 id. 141 ; *Munn* v. *The People*, 69 id. 80 ; *Munn* v. *Illinois*, 94 U. S. 113 ; Thompson on Stockholders, secs. 65, 66, 67 ; Morawetz on Private Corporations, secs. 445–451.

*Fifth*—The power to regulate the amount of land which the plaintiff in error might take and hold, is reserved by sec-

tion 10 of the act under which it is incorporated. Public Laws of 1869, pp. 67, 68, secs. 2, 10; *Jackson* v. *Hammond*, 2 Caine's Cases, 337; *McCartee* v. *Orphans' Asylum Society*, 9 Cow. 437; *Ward* v. *Farwell, supra; Gulliver* v. *Roelle, supra*.

*Sixth*—The act of 1869, in so far as it is a grant of corporate powers, must be strictly construed against the corporation, and in favor of the State. Cooley on Const. Lim. pp. 394, 395, 396; Sedgwick on Stat. and Const. Law, (2d ed.) p. 294.

Mr. Justice Mulkey delivered the opinion of the Court:

The St. Peter's Roman Catholic Congregation brought to the February term, 1882, an action of ejectment, against Nicholas Germain, for the recovery of a valuable tract of land, situate in St. Clair county, consisting of about eighty acres. There was a judgment for the defendant in the court below, and the plaintiff brings the case here for review.

It appears, from a stipulation of the parties, that Catharine Agnes Germain, being the owner in fee of the premises, on the 2d day of November, 1878, executed and delivered to the plaintiff a deed therefor, properly acknowledged, and purporting to convey the same; that the plaintiff is, and was at the time of the conveyance, a religious corporation, organized and existing under the act of March 8, 1869, entitled "An act to provide for the holding of Roman Catholic churches, cemeteries, colleges, and other property;" and that at the time of said conveyance the plaintiff owned and occupied more than ten acres of land in St. Clair county, exclusive of the land described in the deed.

Under these facts the question is presented—and indeed this is the only question in the case—whether the title to the land in dispute passed by the deed from Catharine Germain to the plaintiff. No question is made by counsel for defendant in error as to the form or sufficiency of the deed, or the

manner in which it was obtained, or with respect to the right or power of the grantor to convey, but the only question made is as to the capacity of the plaintiff in error to take under the deed. The determination of this question depends upon the construction that must be given to the statutes then in force authorizing religious corporations to acquire lands in this State. By the 2d section of the act of 1869, above mentioned, religious societies organized under it are authorized "to receive, hold, dispose of, and convey, any kind of property," and by the 10th section the act is declared to be "subject to any limitation or modification which may hereafter be enacted by general law as to the amount of real estate to be held by the corporations, respectively, provided for herein." It will be perceived this act contains no limitation as to the quantity of lands religious societies incorporated under it may "receive" and "hold," but, as we have just seen, the legislature, by the 10th section, reserves the right to limit and modify the amount "to be held" by them. At the time of the adoption of this act the 44th section of chapter 35, Revised Statutes 1845, entitled "Corporations," was in force, which authorized any religious society or corporation then existing, or which might thereafter be formed, "to receive, by gift, devise or purchase, any quantity of land *not* exceeding ten acres," etc. This act continued in force until in 1872, when it was repealed, and section 42, of chapter 32, of the present revision, was adopted in its stead, which provides, that "any corporation that may be formed for religious purposes under this act, or under any law of this State, for the incorporation of religious societies, may receive, by gift, devise or purchase, land *not exceeding ten acres,*" etc. By comparing the two sections it will be perceived that so far as the present inquiry is concerned, they are substantially the same, so that the adoption of the latter section was in effect merely continuing in force the former. This being so, it follows that in determining what, if any, effect the latter section had on

the conveyance in question, it must be treated precisely as if it existed at the time of the adoption of the act of 1869.

The question then arises, assuming, as we do, the limitation contained in these two sections was in force at the time of the adoption of the act of 1869, and that it has continued to be in force ever since, what, if any, effect did it have on the conveyance in question. As already observed, the act of 1869 contains no limitation upon the power of a religious society or corporation organized under it to acquire real estate, and if that act is to be given effect without regard to the limitation contained in the two sections we have been considering, it is clear the title to the land in question passed by the deed. But can such a construction of these acts be maintained upon legal principles? Both of the sections containing the limitation are undoubtedly conceived in terms sufficiently broad and comprehensive to include religious corporations organized under the act of 1869, as well as others, and no reason has been suggested, nor are we able to perceive any, why they do not so include them. Would not religious societies organized under other acts have the same right, and with the same show of reason, to contend that they do not fall within the limitation? And if they are to be excluded from its operation also, what effect could be given to it? We see no fair, reasonable or just mode of enforcing the limitation, except by extending it to all religious societies alike. In doing so we but conform to the general, well recognized rule, that all statutes relating to the same subject should be construed *in pari materia*, so as to give them all their appropriate effect and operation; and courts have no right to depart from this rule unless there is some imperative reason for doing so, which is clearly not the case here. The fact that the legislature failed to impose a limitation in the act of 1869, is no evidence they intended there should be none. Why provide for such a limitation when there was already a general law imposing one? To have inserted a

similar provision in that act would have been simply to declare what the law would be without it, and the fact that nothing was said on the subject is simply evidence that the existing limitation was satisfactory to the legislature.

In the light of judicial history, and the legislation of this country on the subject, we can not for a moment believe that it was the intention of the legislature to put it in the power of any religious society or corporation to acquire lands to any indefinite extent, as is claimed here. It has ever been the policy of this country, including our own State, to keep landed estates as much unfettered as possible, so that their free transfer from one person to another may not be interrupted or hindered, and it will not be denied that to permit corporations to acquire real estate to an unlimited extent would be destructive of this policy. Under the legislation of our State, which we have been considering, a religious corporation is authorized to receive or acquire lands to the extent of ten acres, and no more. Any amount in excess of that is expressly forbidden by the statute, and it follows that all conveyances, deeds or other contracts made in violation of this prohibition, are absolutely void.

It is a well settled rule that where a corporation is forbidden to take or receive lands, such a prohibition goes to its capacity to acquire, and a deed made to it under such circumstances passes no title, such a conveyance being absolutely void; and the correctness of this rule is conceded by the learned counsel for plaintiff in error. It is claimed, however, this rule only applies where the prohibition is total, and not merely partial, as in this case,—that where there is a capacity to take to a limited extent, and a conveyance is made for a quantity in excess of that which the law permits, the title will nevertheless pass to the whole, subject to the right of the State to interpose for the excess. We can not give our adhesion to this doctrine, for it would be conceding that a corporate body might clothe itself with the legal title

to an estate in contravention of an express provision of the statute, which is inconsistent with well recognized principles. Whether a deed of that kind would be good for the amount of land that might lawfully be conveyed, and inoperative for the residue, or whether it would be regarded as void for uncertainty as to what particular ten acres passed by it, it is not necessary for us to stop to inquire, for whatever might be the rule in such a case, it could have no application to the one before us.    Here it is admitted the 'plaintiff in error had, previous to the conveyance of the land in dispute, already acquired, and was then the owner of ten acres of land,—the outside limit it was permitted to take.  This being so, it is clear its capacity to acquire other lands was fully exhausted, and there was a total want of power to take the land in question.

Moreover, we are of opinion that conceding the act of 1869 was not adopted subject to the limitation contained in the 44th section of the act of 1845, as we have seen it was, nevertheless the reservation, in the 10th section of the former act, of the power to regulate by general law the amount or quantity of land which corporations organized under it might hold, fully authorized the legislature—assuming the power did not exist independently of it—to prescribe the amount or quantity of land which such corporations might take or acquire.    If the legislature has the power—and this is conceded—to say these organizations shall not hold to exceed a specified number of acres of land, we are of opinion, as the most effectual way of enforcing such power, it may say they shall only take or acquire the specified quantity.

Leaving out of view the legal aspects of the question, it looks like a great hardship that the purposes of the grantor in the deed should be thus thwarted, and that the church should be deprived of the estate so generously attempted to be given to it; yet such considerations must not be permitted to disturb the balance of the scales of legal justice.    *Ita lex*

*scripta est,* and it is the duty of all to submit to its mandate, and we are assured that none will do so more cheerfully than the plaintiff in this case.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CRAIG: I do not concur in the decision of this case. The St. Peter's Roman Catholic Congregation, a corporation existing by law, under our statute had authority to take and hold lands by deed or devise, and whether it has exceeded its power in accepting a conveyance of the land in question, can, in my judgment, only be inquired into by the State. The question is one between the corporation and the sovereign power, in which individuals have no concern. *De Camp* v. *Dobbins,* 29 N. J. Eq. 36.

Mr. JUSTICE DICKEY: I concur with the view expressed by Mr. Justice CRAIG.