# CASES

### ARGUED AND DETERMINED

IN THE

# SUPREME COURT OF ILLINOIS.

MARY GERMAIN *et al.*

*v.*

PETER J. BALTES *et al.*

*Filed at Mt. Vernon January 22, 1885.*

1. DEVISE—*to one as trustee, as distinguished from a devise to a religious corporation.* A devised unto B, a Catholic bishop, in his individual capacity, all the real and personal property owned by the testator at his death, in trust that upon the request of a certain religious congregation the trustee would sell the property, either at public or private sale, and apply the proceeds to the erection or maintenance, or both, of an orphan asylum, under the direction of and as requested by such congregation: *Held*, that this was not a devise of real estate to a religious corporation, but to an individual as a trustee, and is not prohibited by any statute or law of this State.

2. SAME—*whether a devise of money or of land.* Where a testator devised all his real and personal estate to one as a trustee, to be sold and converted into money when so requested by an incorporated religious society, and applied in establishing an orphan asylum, to be under the direction and control of such society, it was *held*, that the devise in favor of the charity was a devise of money and not of land, and was such as the courts will uphold.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

This was a bill in equity, by the heirs of Catharine Agnes Germain, to set aside the will of the latter, on the ground the testatrix was of unsound mind, and undue influence, and also on the ground that a devise of land to a religious corporation, of more than ten acres, is void. The circuit court refused to set aside the will or the devise in trust.

Messrs. Hay & Knispel, for the plaintiffs in error:

In the case of *St. Peter's Roman Catholic Congregation* v. *Germain,* 104 Ill. 440, this court held that the deed set out in the bill and decree, from Catharine Agnes Germain to the congregation, was null and void.

A charity, in a legal sense, may be defined as a gift to be applied, consistently with existing laws, for the benefit, etc. *Jackson* v. *Phillips,* 14 Allen, 556.

A trust can not be created in favor of a corporation, if there is some requirement of the law that will thereby be evaded, as, where such corporation, by charter, is restricted from holding real estate beyond a certain amount. Lewin on Trusts, 35, 36; 3 Redfield on Wills, 477.

It follows, that a charitable use will not be sustained if inconsistent with existing laws. It will not be upheld if it contravenes an express provision of law, or if it is for a purpose forbidden by public policy. Perry on Trusts, 715.

The most common illustration of the rule that courts will not uphold gifts for charitable purposes where such gifts contravene some law, is found in the numerous cases that have arisen under the English statutes of Mortmain, 9 George II, chap. 36; Story's Eq. Jur. 296, 297; 3 Redfield on Wills, 494.

Where, under the statutes of Mortmain, lands are devised to a charity, the trust is not only void, but the legal estate does not vest, and the heir may recover in such cases. 2 Redfield on Wills, 511; Williams on Executors, 1075.

Under the English statutes of Mortmain, courts of equity will not allow charities to hold money bequeathed, where it

is directed to be raised out of the sale of real estate. 1 Jarman on Wills, 218, 219.

In New York, under similar statutes, it has been repeatedly decided that real estate can not be devoted to charity. 2 Redfield on Wills, 545, 546; *Beekman* v. *People*, 27 Barb. 260; *McCaughal* v. *Ryan*, id. 376.

Mr. CHARLES W. THOMAS, for the defendants in error:

No devise is made to the corporation, but to the bishop in his individual capacity, in trust for the establishment of a public charity, and the statute (43 Eliz. chap. 4,) called the Statute of Charitable Uses, is in force in this State. (*Heuser* v. *Harris*, 42 Ill. 425.) By its provisions, all the statutes of Mortmain in force when it was passed, were, *pro tanto*, repealed; and there has been in England no restriction upon gifts or grants for charitable purposes, until the passage of the statute of Mortmain, 9 George II, chap. 36, which is cited by counsel for plaintiffs in error, but which is not in force in Illinois. (Perry on Trusts, sec. 696.) In fact, many of the authorities referred to by counsel were either made with reference to this last named act, or to similar statutes in New York and Pennsylvania, or were previous to the statute of 43 Elizabeth. Perry on Trusts, sec. 715. ·

But even if the Statute of Charitable Uses was not in force in Illinois, the courts would, nevertheless, hold valid and carry into effect all gifts and grants for charitable purposes. Perry on Trusts, secs. 694, 748.

Under the Statute of Charitable Uses the devise in this case would be upheld if it were directly to the congregation, in trust, to erect and maintain an asylum for orphans. Perry on Trusts, secs. 45, 687; *Heuser* v. *Harris*, 42 Ill. 425.

If an executor selects an agent who will not or can not act, the beneficiaries of his charity will not be deprived of its benefits, but the courts will execute the will and enforce the trust. Story's Eq. Jur. secs. 1165-1169.

Mr. CHIEF JUSTICE SCHOLFIELD delivered the opinion of the Court:

The will of Catharine Agnes Germain is as follows:

"In the name of God, Amen. I, Catharine Agnes Germain, being infirm of body but of sound and disposing mind and memory, and being especially desirous to aid, as far as I can, in the erection and maintenance of an orphan asylum in the city of Belleville, in the State of Illinois, do make and ordain this my last will and testament. I give and bequeath and devise unto the Right-Reverend Peter Joseph Baltes, Roman Catholic Bishop of Alton, in his individual capacity, upon the trusts and for the uses and purposes hereinafter mentioned, all my real estate and personal property of which I may die seized, or in or to which, at the time of my death, I may have any right, title or interest. I direct that the said Baltes shall, upon the request of the St. Peter's Roman Catholic Congregation of said city of Belleville, sell all of said property, either at public or private sale, as he may deem best, and apply the proceeds of such sale to the erection or maintenance, or both, of an orphan asylum in said city of Belleville, under the direction of and as requested by said congregation. I appoint the said Peter Joseph Baltes executor of this my last will and testament, and direct that no bond be required of him as such executor.

"Signed by me and sealed with my seal this 14th day of May, A. D. 1879.

We held in *St. Peter's Roman Catholic Congregation* v. *Germain*, 104 Ill. 440, that a grant of land in excess of ten acres in quantity, to a religious society, is, under section 42, chapter 32, of the Revised Statutes of 1874, absolutely void; and counsel for plaintiffs in error contend that the same doctrine is applicable to this devise, and renders it void, likewise. This, as we conceive, is a clear misapprehension of the character of this devise. The purpose of the statute in prohibiting

religious societies from owning and holding lands beyond ten acres in quantity, is, very clearly, to prevent lands being tied up in the hands of corporations, and to leave them free to pass by conveyances, as the wants and conveniences of society may demand. But this devise is not to a corporation, but to a natural person,—Peter Joseph Baltes,—in his individual capacity. The land is not to be kept for the benefit of a corporation, but is to be sold and conveyed by him, and thus, instead of being tied up, it is to pass, as soon as it conveniently may, into other hands, and is therefore as free to barter, sale and conveyance as any land possibly can be.

There is nothing in any statute upon our statute book, of which we are aware, that prevents an individual from giving his property to charity, if he shall desire to so dispose of it. He may certainly sell his property, convert it into money, and give the money to charity, and if he may do this, it is impossible to conceive why he may not place it in the hands of a trustee to do the same thing. The only thing that is prohibited, is the owning by the corporation of more than ten acres of land. Under a well settled rule of construction, the devise, here, in favor of the charity, is to be regarded as a devise of money, and not of land. *Baker* v. *Copenbarger et al.* 15 Ill. 103.

It is not claimed, and can not be, that this devise, as one to charity, apart from the question just considered, can not be upheld under our law. The reverse is settled law. *Heuser* v. *Harris*, 42 Ill. 425; *Andrews* v. *Andrews*, 110 id. 223. See, also, Perry on Trusts, (1st ed.) secs. 692, 693, *et seq.*, and notes.

The decree is affirmed.

*Decree affirmed.*