JOHN N. ENGLISH, Admr.

v.

WILLIAM F. COOPER.

*Opinion filed December 18, 1899.*

| ·183 | 203 |
|------|-----|
| 104a | ²591 |
| e104a² | 593 |

| 183 | 203 |
|-----|-----|
| ¦111a | 246 |
| ¦111a | ¹247 |

1. WILLS—*a gift of land to be converted into money is treated as a bequest of personal property.* A gift of real estate to be converted into money under the terms of the will, for distribution among legatees, must be treated as a bequest of money and not a devise of land.

2. SAME—*lapsed legacies fall into a general residuary bequest.* Lapsed gifts of personal property will pass under a general residuary bequest instead of descending as intestate property, in the absence of a contrary intention on the part of the testator.

3. SAME—*when bequest of residue of particular fund will carry lapsed legacies.* The presumption of law being against intestacy, a gift of the "rest, residue and remainder" of a particular fund to be derived from the sale of certain real estate will carry lapsed legacies which were to be paid out of such fund, particularly where the lapse took place during the life of the testator, who did not change the will.

*Cooper* v. *English,* 83 Ill. App. 148, affirmed.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Jersey county; the Hon. ROBERT B. SHIRLEY, Judge, presiding.

HAMILTON & HAMILTON, for appellant:

If legacies are given out of a particular fund or portion of the testator's estate and the residue be given to B, it is a question of intention whether the gift to B is to be read as a gift of a mere balance of the fund after deducting the legacies previously given, or as a gift of the whole fund subject to the legacies as charges. If the latter, lapsed and void interests fall into the particular residue; if the former, the gift to B is regarded as a specific bequest, and the lapsed and void interests fall into the general residue. 13 Am. & Eng. Ency. of Law, (1st ed.) 50, note 2.

When a legacy is given upon condition precedent not performed, the legacy falls into the residue; and when a

legacy lapses, there being no residuary bequest, it will go to the next of kin as estate undisposed of under the will. 2 Redfield on Wills, 175, 176; *Prescott* v. *Prescott,* 7 Metc. 141.

The residuary bequest referred to in the case cited is a general residuary bequest, carrying all of the residue of the estate undisposed of by the will, by reason of lapsed legacies or otherwise. *Mills* v. *Newberry,* 112 Ill. 123.

Where real estate is directed to be sold, and the testator wills that a sum of money shall be applied to a particular purpose, and the residue, only, of the produce of sale is given A, and the particular purpose fails, either by lapse or because it is void at law, then the heirs, and not A, will take the money, because the whole is real estate at the death of the testator, and A can take no more of that estate than is expressly given him, namely, the residue of the real estate after deducting the amount to be paid out. 13 Am. & Eng. Ency. of Law, 44, note 3.

In the absence of a clear intent to the contrary, void and lapsed legacies fall into the residue and pass under the residuary clause, if there is one; if not, to the next of kin under the Statute of Distribution. 13 Am. & Eng. Ency. of Law, 39.

Whether the word "residue" in any given bequest refers to the residue of a particular fund or to the general residuary estate is purely a question of intention, to be determined from the whole will. 13 Am. & Eng. Ency. of Law, 50, note 2.

Ed. J. VAUGHN, for appellee William F. Cooper:

Under the doctrine of equitable conversion all of the gifts made by paragraph 6 of the will are gifts of personalty, and not of real estate. Horner on Probate Law, (2d ed.) sec. 22; 1 Jarman on Wills, (6th ed. Bigelow,) 577, 578; 2 Redfield on Wills, (1866 ed.) p. 125, pars. 5, 6, note 11; *Ebey* v. *Adams,* 135 Ill. 80; *Hayward* v. *Peavey,* 128 id. 430.

As to personal estate, a residuary clause carries not only everything not disposed of, but everything that in

the event turns out not to be disposed of, as by lapse and the other means specified in the cases.   The law raises a presumption in favor of the residuary legatee against every one except the particular legatee.   2 Woerner on Am. Law of Admn. secs. 437, 462;   *Crerar* v. *Williams*, 145 Ill. 625; *Mills* v. *Newberry*, 112 id. 123; *Missionary Society* v. *Mead*, 131 id. 338; Horner on Probate Law, (2d ed.) sec. 133; 2 Redfield on Wills, 175, 176.

The heir-at-law claims the lapsed legacies as intestate estate, but the rule is familiar that the court will, if possible, so construe the will as to prevent partial intestacy.   Horner on Probate Law, (2d ed.) sec. 125; *Howe* v. *Hodge*, 152 Ill. 252; *Higgins* v. *Dwen*, 100 id. 554; *Scofield* v. *Olcott*, 120 id. 362; *Decker* v. *Decker*, 121 id. 341; 2 Redfield on Wills, (1866 ed.) p. 442, pars. 5, 6.

A residuary clause in a will is assumed by the law to have been inserted to prevent intestacy, and has that effect.   *Crerar* v. *Williams*, 44 Ill. App. 497.

GEORGE W. HERDMAN, for appellee M. M. Cooper:

The conversion of the land into money was for a particular purpose.   There was no blending of the proceeds from the sale of the land with the personalty.   The real estate was turned into personalty only for the purpose of paying specific legacies, and not for all purposes.   It descended to the heir-at-law subject to be sold and converted into money only for the purpose of paying certain specific legacies, and they must be valid and unlapsed legacies given out of the proceeds.   1 Jarman on Wills, (6th ed. Bigelow,) 597, 598, note 1.

The heir-at-law is never to be disinherited unless the testator has very clearly shown an intent to do so.   *Siddons* v. *Cockrell*, 131 Ill. 653; 1 Jarman on Wills, (6th ed. Bigelow,) 326, 327.

The conversion in this case was an "out and out" one or to all intents.   It was a conversion for the purpose of the will, only.   The executor could sell only so much

of the land as was necessary to pay valid and unlapsed legacies, and the surplus in his hands by reason of lapsed or void legacies still retains the character of real estate, and goes to the general estate for the benefit of the heir-at-law, and not to the residuary legatee of the particular fund. *Richards* v. *Miller*, 62 Ill. 417; *Crerar* v. *Williams*, 145 id. 640; 1 Jarman on Wills, (6th ed. Bigelow,) 597, 598, note 1, 599, 600, 336, 337; 1 Redfield on Wills, (ed. 1864,) p. 276, par. 5.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Jonathan E. Cooper, late of Jersey county, Illinois, executed his will October 3, 1889. He died October 25, 1895, and the will was admitted to probate in the county court of Jersey county on October 28, 1895. The executor nominated in the will refused to qualify, and John N. English was appointed administrator with the will annexed. The parties in interest not being able to agree in regard to the construction to be placed upon certain provisions of the will, John N. English filed a bill in equity praying for a construction of the sixth clause of the will. All persons in interest were made parties to the proceeding. The sixth clause of the will is as follows:

"*Sixth*—I order, direct and empower my executor hereinafter named, to sell at public sale, to the highest and best bidder, on such terms as he may think best for the interest of the estate, the north-west quarter of the south-east quarter of section No. 29, in township No. 8, north of range No. 11, west of the third principal meridian, in Jersey county and State of Illinois, and convey the above described tract of land by deed or deeds to the purchaser or purchasers of the same, and out of the proceeds thereof, after paying the expenses of the said sale, I give and bequeath to my sister, Mary E. McFain, $250; to my namesake, Jonathan English Cooper, son of William F. Cooper, of Greene county, Missouri, $500, and in case of the death of the said Jonathan English Cooper before said distri-

bution shall have been made, then I order and direct that the said $500 intended for the said Jonathan English Cooper be paid to his father, William F. Cooper; and to the trustees of schools of township No. 8, north, range No. 11, west of the third principal meridian, in Jersey county, Illinois, to their successors in office, for the use of school district No. 1 in said township, $500, to be loaned by said trustees, and the interest arising therefrom be applied for general school purposes for the benefit of said school district No. 1 aforesaid, provided the school house in said district No. 1 remains on the present site and the boundaries of the said district remain as they now are; and also out of the proceeds of said sale I give and bequeath to my friend, Hannah White, $250, and the rest, residue and remainder of the proceeds from the sale of the above described tract of land (if any) I give and bequeath to William F. Cooper, of Greene county, Missouri."

The bill alleged and the evidence proved that Mary E. McFain died intestate prior to the death of the testator, Jonathan E. Cooper, and that the boundaries of school district No. 1 have been changed and do not remain as they were when the will was executed. It is therefore apparent that the legacies to Mary E. McFain and to the school district lapsed. Indeed, this is not controverted, but Marshall M. Cooper claimed the two legacies as intestate estate, he being the only heir-at-law. On the other hand, William F. Cooper claimed the lapsed legacies should go to him, as residuary legatee, under the sixth clause of the will. The circuit court held that the two legacies were intestate estate, to be distributed according to the laws of descent, but upon appeal to the Appellate Court the decree of the circuit court was reversed, the court holding that the lapsed legacies passed to William F. Cooper as residuary devisee, under the last part of the sixth clause of the will. To reverse the judg-

ment of the Appellate Court the administrator with the will annexed has prosecuted this appeal.

The only question to be determined in this case is, what construction is to be placed on the sixth clause of the will,—whether the two lapsed legacies, the one to Mary E. McFain, which lapsed on account of the death of the legatee before the testator, and that to the trustees of schools of township No. 8, north, range 11, west of third principal meridian, because the boundaries of the school district had been changed and were not the same as they were at the time of the execution of the will of Jonathan E. Cooper, passed to Marshall M. Cooper, the heir-at-law, as intestate estate, or whether they passed as testate estate to William F. Cooper, the residuary legatee named in the sixth clause of the will.

Under the sixth clause of the will the executor was directed and empowered to sell at public sale, to the highest and best bidder, the forty acres, the north-west quarter of the south-east quarter of section 29, and to convey the same by deed or deeds to the purchaser, and out of the proceeds thereof, after paying the expenses of sale, the testator directed the payment of four legacies aggregating $1500, two of which are the lapsed legacies, $250 to Mary E. McFain and $500 to the school trustees. The land sold for $1700, and having been converted into money, under the provisions of the will, to be distributed among the legatees, it must be treated as a devise of money and not of land, as held by this court in *Baker* v. *Copenbarger,* 15 Ill. 103, and is to be regarded as personal property. *Jennings* v. *Smith,* 29 Ill. 116; *Rankin* v. *Rankin,* 36 id. 293; *Crerar* v. *Williams,* 145 id. 625.

In *Crerar* v. *Williams, supra,* we said (p. 641): "It is the well settled rule that all lapsed or void gifts of personal property fall into a general residuary bequest, instead of being treated as intestate estate, descending to the heir-at-law, unless a contrary intention on the part of the testator clearly appears. The rule and reason for it

are clearly stated in *Cambridge* v. *Rouse*, 8 Ves. 12, and substantially adopted in *Taylor* v. *Lucas*, 14 N. C. 215, as follows: 'No rule is better established as to personal estate, though it is otherwise as to real, that a residuary clause carries not only everything not disposed of, but everything that in the event turns out not to be disposed of, as by lapse and the other means specified in the cases. (1 Ves. Jr. 109, 110; Ambler, 138; 8 Ves. Jr. 25; 4 id. 732; 15 id. 509.) The law raises a presumption in favor of the residuary legatee against every one except the particular legatee.'" In *Mills* v. *Newberry*, 112 Ill. 123, and in *Woman's Union Missionary Society* v. *Mead*, 131 id. 338, this court recognized and approved this rule.

In the foregoing cases the wills were construed with reference to a general residuary clause, and we held that a lapsed legacy or gift of personal property fell into the residuum and passed to the residuary legatee. In the will under consideration there is no general residuary clause, and the question is presented whether the gift of "the rest, residue and remainder" of a *particular fund* should not, so far as that fund is concerned, have the same force and effect as a gift of the general residue.

If the testator's intention can be ascertained from the language used in the will it must govern in the construction thereof. The presumption is that a testator, when he makes and publishes his will, intends to dispose of his whole estate, unless the presumption is rebutted by its provisions or evidence to the contrary. (*Smith* v. *Smith*, 17 Gratt. 268.) "This rule," says Redfield, "is founded upon the presumption that every man who sits down deliberately to make his will does not intend to leave any portion of his property in such a condition as not to pass by the will. The idea of any one deliberately purposing to die testate as to a portion of his estate and intestate as to another portion is so unusual in the history of testamentary disposition as to justify almost any construction to escape from it." (2 Redfield on Wills, 235.) This

183—14

rule was approved in *Woman's Union Missionary Society* v. *Mead, supra.*

After a careful reading of the sixth clause of the will in the case at bar, and giving effect to the language, "and the rest, residue and remainder of the proceeds from the sale of the above tract of land (if any) I give and bequeath to William F. Cooper, of Greene county, Missouri," it is clearly manifest that the testator did not intend that any part thereof should be intestate estate. This construction gives effect to the presumption that the testator intended to dispose of this entire fund, and not leave any portion of it intestate estate. The fact that the legacy to the school-trustees was given on condition that the school house should remain on the present site and the boundaries of the school district should remain as they were at the execution of the will, shows that the testator contemplated that the school house might be moved and the boundaries of the school district might be changed, in which event he undoubtedly had in mind that the legacy would pass under the residuary clause of this sixth paragraph of his will. The death of Mary E. Mc-Fain, the sister of the testator, Jonathan E. Cooper, long before his death, must have been known to him, and still he made no change in his will in regard to this lapsed legacy, which is evidence to our minds that the testator intended that if the contingency happened as provided for in the will, or a legacy lapsed, that portion of the fund would pass to the residuary legatee named in this sixth paragraph. We therefore hold that the two lapsed legacies are testate estate, and passed to William F. Cooper, the residuary legatee, under the last part of the sixth paragraph of the will.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*