## Howell M. Dorsey et al. v. Joseph Dodson, Ex'r.

1. Wills—*Where Legatee Dies After Testator, but Before Distribution of Estate.*—A legacy of an undivided part of real estate does not lapse by the death of the legatee after the testator, but before the sale of the real estate, or any distribution of it, where no postponement of the right to enjoy the benefits of the will was made by the testator. Such a legacy is clearly within that class held to vest immediately upon the death of the testator.

2. Same—*Lapse of Legacy upon Death of Legatee Before Testator.*—A testator's will provided as follows : I give and bequeath to my sister, Henrietta Dorsey, the sum of $5,000, to be paid to her by my executor within six months after my decease. *Held,* that upon the decease of the legatee before the testator, the legacy to her lapsed.

3. Same—*Directing Land to be Sold and Money Distributed.*—The direction to sell real estate for money and to divide the money as bequeathed, is a disposition of personal property and not of real estate; not alone for the purposes of the will, but absolutely.

4. Same—*What is Included in Residuary Bequest.*—All lapsed legacies or void gifts of personal property fall into a general residuary bequest, instead of being treated as intestate property, descending to the heirs at law, unless a contrary intention on the part of the testator clearly appears.

5. Same—*Intention Must Be Gained from the Will.*—If the testator's intention can be ascertained from the language used in the will it must govern in the construction thereof.

6. Same—*Presumption that Testator Intends to Dispose of All His Property.*—The presumption is that a testator, when he makes and publishes his will, intends to dispose of his whole estate, unless the presumption is rebutted by its provisions, or evidence to the contrary.

**Construction of a Will.**—Appeal from the Circuit Court of Macoupin County; the Hon. Robert B. Shirley, Judge presiding. Heard in this court at the May term, 1902. Affirmed in part, reversed in part, and remanded with directions. Opinion filed November 1, 1902.

R. E. Dorsey and E. W. Hayes, attorneys for appellants.

Jesse Peebles and Bell & Burton, attorneys for appellee.

Goodrich, Vincent & Bradley, attorneys for Fannie Knapp, intervener by leave of the court.

E. G. Meriwether, attorney for Lucy A. Meriwether, intervener by leave of the court.

MR. PRESIDING JUSTICE WRIGHT delivered the opinion of the court.

This was an application to the County Court by the executor of the last will and testament of Bartow W. Green, deceased, for an order of distribution of the property of the estate; but there being contention as to the method of its distribution, an appeal was taken to the Circuit Court. The controverted portion of the will provides:

" Second: I give and bequeath to my sister, Henrietta Dorsey, the sum of $5,000, to be paid to her by my executor within six months after my decease.

Nineteenth. I direct, authorize and empower my executor with all convenient speed after my decease to bargain, sell, alien and convey in fee simple, all the residue and remainder of my real estate of every name and nature whatsoever in such manner and on such terms as to him seems best and to immediately thereafter turn over the proceeds of such sale, whether money, notes, mortgages or other property, to my brother, John J. Green, my sisters, Henrietta Dorsey and Fannie Knapp, to be divided equally between them, share and share alike. And I further direct that all of my real estate must be sold by my executor and the proceeds turned over as above required within five years after my decease.

Twentieth. And lastly, all the remainder of my personal estate not otherwise herein disposed of after the payment of bequests, debt and expenses incurred in the carrying out of the provisions herein contained and the expense of administration of my estate, I give and bequeath to my said brother and sisters, Henrietta Dorsey and Fannie Knapp, to be divided equally between them, share and share alike."

Bartow W. Green, testator, died December 16, 1898. Henrietta Dorsey, legatee, died March 30, 1898; and John J. Green, legatee, died about February 1, 1899, before any sale or distribution under the will was made. The Circuit Court entered its decree finding the legacy to Henrietta Dorsey, in the second clause, lapsed by her death; and removed it to the twentieth clause of the will; finding the legacy to Henrietta Dorsey, in the nineteenth clause, also lapsed, with its destination as intestate property, in the heirs at law of Bartow W. Green, deceased, as real prop-

erty; and finding that the residuary fund of the twentieth clause, together with the legacy of Henrietta Dorsey, removed to that fund, should be distributed, one-third to Fannie Knapp, one-third to the estate of John J. Green, deceased, and one-third to the heirs at law of Bartow W. Green, deceased, as intestate estate; and also that the legacies to John J. Green did not lapse by his death before any sale or distribution of the estate was made. From this decree of the Circuit Court this appeal is prosecuted, and to effect its reversal various contentions are made and presented by the different conflicting interests in regard to its distribution. The appellants Dorsey, who are the children and heirs at law of Henrietta Dorsey, insist that either the whole of the legacies to Henrietta Dorsey do not lapse but descend and become payable to them as her heirs at law, or that the whole of such legacies become intestate estate of Bartow W. Green, deceased; and that the residuary legacies to John J. Green, under the nineteenth and twentieth clauses, be held as lapsed and become also intestate estate; and the latter contentions are joined by others who are interested parties in the matter.

In the contention that the legacies to John J. Green lapsed by his death before the sale of the real estate, or any distribution was made, we find no merit. No postponement of the right to enjoy the benefits of the will was made by the testator; and the legacies are clearly within that class held to vest immediately upon the death of the testator. Ingraham v. Ingraham, 169 Ill. 432, and cases cited.

By the death of Henrietta Dorsey before that of Bartow W. Green it is the well-settled rule that all legacies in his will to her were rendered incapable of being taken by her, and therefore lapsed. English v. Cooper, 183 Ill. 203. Then the contention resolves into the method of the distribution and the destination of the lapsed legacies, and the character of the estate so lapsed must be, and is, the key to its distribution. For if it be all real estate its destination is one way, and another, if it be all personal estate; partaking of both, the destination of each follows accordingly.

This will devises no real estate to any beneficiary, except that it directs the executor to sell all of the lands and pay over the proceeds to legatees. All of the bequests are payable in money or other articles of personal property specifically mentioned. No choice or discretion is given the executor to set off any real estate, but he is specially required to sell the land for money, or its equivalent security, and to divide the money or its evidence. The will does not treat any of the lands as real estate except for the purposes of converting it into money; and while there are two clauses providing for the distribution of the residuary estate, one, the nineteenth, directing the remaining lands to be sold for money and the money divided, and the other, the twentieth clause, providing for the distribution of the residue of the personal property, the distribution indicated by the face of these clauses is one and the same—to John J. Green, Henrietta Dorsey and Fannie Knapp, in equal proportions. But the direction to sell the real estate for money and to divide the money as bequeathed, was a disposition of personal property, and not of real estate; not alone for the purposes of the will, but absolutely : Nevitt v. Woodburn, 175 Ill. 376 (and cases cited), which hold that where a will directs the executor to sell real estate for the purpose of creating a fund to be invested, the will is to be regarded as a devise of money or personalty, and not of land. (Glover v. Condell, 163 Ill. 566; Crerar v. Williams, 145 Id. 625.) A devise of real estate to be converted into money, and distributed among devisees, is admitted to be a devise of money and not of land. Land required by law to be reduced to money is regarded as personal property. (Baker v. Copenbarger, 15 Ill. 103; Jennings v. Smith, 29 Id. 116.) The principal fund here in controversy must, therefore, be regarded as personalty. With this rule before us there can be no other conclusion than that the will of Bartow W. Green deals alone in disposition of personal estate. So, being personalty, this residuary fund falls into the residuary clauses of the will for distribution. In Crerar v. Williams, *supra*, it is said that " It is the well-settled rule that

all lapsed legacies or void gifts of personal property fall into a general residuary bequest, instead of being treated as intestate estate, descending to the heirs at law, unless a contrary intention on the part of the testator clearly appears;" citing cases, and holding that a presumption is indulged in favor of the residuary legatee against every one but the particular legatee, followed by English v. Cooper, *supra*, where this language is found :

"In the foregoing cases the wills were construed with reference to a general residuary clause, and we hold that a lapsed legacy or gift of personal property fell into the residuum and passed to the residuary legatee. In the will under consideration there is no general residuary clause, and the question is presented whether the gift of ' the rest, residue and remainder' of a particular fund should not, so far as that fund is concerned, have the same force and effect as a gift of the general residue.

If the testator's intention can be ascertained from the language used in the will it must govern in the construction thereof. The presumption is that a testator, when he makes and publishes his will, intends to dispose of his whole estate, unless the presumption is rebutted by its provisions or evidence to the contrary. (Smith v. Smith, 17 Gratt. 268.) 'This rule,' says Redfield, 'is founded upon the presumption that every man who sits down deliberately to make his will does not intend to leave any portion of his property in such a condition as not to pass by the will. The idea of any one deliberately purposing to die testate as to a portion of his estate, and intestate as to another portion, is so unusual in the history of testamentary disposition as to justify almost any construction to escape from it.' (2 Redfield on Wills, 235.) This rule was approved in Woman's Union Missionary Society v. Mead, 131 Ill. 338," *et seq.*

It is argued that no general residuary clause exists in the will of Green. The court, however, is inclined to the opinion that the double residuary disposition indicated by the nineteenth and twentieth clauses of the will was meant to be and serves the purpose of a general residuary clause. Even if it were otherwise the fact would make no difference in the destination of the lapsed legacies under the authorities cited. These residuary clauses will then be

given equal effect so far as the disposition of the residuary estate is concerned; and in so doing, the whole of the residuary estate being personal property, as it is by the rule stated, it therefore passes one-third to Fannie Knapp, one-third the estate of John J. Green, and the remaining one-third of the fund is incapable of further distribution under the will, being lapsed by the death of Henrietta Dorsey. Such lapsed estate then becomes intestate estate of Bartow W. Green, deceased, and passes to his heirs at law, because of the impossibility of carrying it further under the will. It therefore follows that it was error for the court to find, as it did, that the legacies of the nineteenth clause were real estate and lapsed, and immediately became intestate estate. The decree of the Circuit Court will therefore be reversed, and the cause remanded, with directions to enter a decree in conformity with the opinion herein expressed, at the cost of the executor, to be paid in due course of administration.

Affirmed in part, reversed in part, and remanded with directions.