Dorothy Johnson, Appellee, v. Charles R. Pendarvis, Executor of the Last Will and Testament of Sarah R. Alpaugh, Deceased, Appellant.

Gen. No. 7,734.

Opinion filed September 24, 1927. Rehearing denied May 1, 1928.

SCOFIELD & BELL and GRIER, SAFFORD & SOULE, for appellant.

O'HARRA, O'HARRA & O'HARRA, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The pleadings in this case are numerous and varied. It is sufficient to say that this is an appeal from a decree of the circuit court construing a will with reference to a distribution of the testatrix's estate.

Sarah R. Alpaugh, on April 10, 1913, then being a widow of the age of 70 years, made the will in question. Her death occurred November 5, 1923. She left surviving her no child or children or descendant thereof. Her only heir-at-law was the appellee, Dorothy Johnson, a daughter of an adopted child of the testatrix. The mother of appellee lived with her parents by adoption from infancy until her death with the exception of about four months immediately following her marriage. For some reason not disclosed by the record the testatrix and her husband, Emanuel, who was then living, obtained from their adopted child a release of all her rights as an heir expectant for the sum of $500. The parents were then the owners of property valued in excess of $30,000.

The clauses of the will over which the controversy in this case arose are the third, fourth, twenty-first and twenty-second.

The THIRD CLAUSE directs the executor to sell 80 acres of land in Henderson county, Illinois, and out of the proceeds of sale to pay, as a bequest, $500 to each of the children of her brother, Elwood Corzatt, and $1,000 to said brother, Elwood, and a like sum to her brother, Frank. It then directs that after the said bequests have been fully paid, the residue and remainder of the net proceeds of the sale of said land shall, upon final settlement, be paid to the executor as trustee for the benefit of the Illinois Children's Home and Aid Society.

The FOURTH CLAUSE directs the executor to sell a tract of land containing 50 acres in Henderson coun-

ty, aforesaid, and to pay, as a bequest, out of the net proceeds of the sale $1,000 to the trustees of the Raritan Cemetery Association, for the care of the graves of her father, mother, husband, and herself, and to keep the cemetery fence painted, upon condition that if the proceeds of said bequest are not so applied, said money shall revert to her heirs, and $500 to the appellee, Dorothy Lucille Johnson. The remainder of the net proceeds of the sale are to be equally divided among Rachel Kephart, Effie Alpaugh, Mervin Alpaugh, Anna Yorger, Maggie Stryker and Sarah Ada Kephart, share and share alike.

The TWENTY-FIRST CLAUSE is a residuary clause and provides that after the payment of the above and foregoing bequests and the expenses incurred in the administration of the estate:

"Then it is my will that my executor shall pay all the rest, residue, and remainder of my estate to Media State Bank in trust to be kept safely loaned and invested in note or notes secured by real estate mortgage or mortgages and the net proceeds thereof to be divided equally among and paid annually to the governing bodies properly qualified to receive the same of the Reform Church, of the Baptist Church, and of the Methodist Episcopal Church, respectively, of Raritan, Henderson county, Illinois, provided that in the event of the failure of either of any of the churches named to hold regular religious services then the survivor or survivors of them shall succeed to the benefits of this bequest, and in the event of all of said churches failing to hold regular religious services then said money shall revert to my heirs."

The TWENTY-SECOND CLAUSE nominates Charles R. Pendarvis, the appellant, as executor and authorizes him to sell at public or private sale "any and all real estate necessary and required to be sold for carrying out the provisions of this my last will and testament."

The litigation arises over certain lapsed bequests. Elwood Corzatt and Frank Corzatt mentioned in the third clause died prior to the death of the testatrix. Effie Alpaugh, Mervin Alpaugh and Maggie Stryker, mentioned in the fourth clause, also died prior to the death of the testatrix.

The chancellor held that the purported release executed by Mattie Alpaugh Perrine, mother of appellee, to her parents by adoption, was wrongfully obtained, invalid and insufficient to deprive appellee of any of her rights as an heir-at-law of Sarah R. Alpaugh, deceased; that the lapsed bequests above mentioned did not pass to the residuary estate and are not to be disposed of by either the third, fourth or twenty-first clauses of the will, but are to be distributed as intestate property to the appellee as the sole heir-at-law; and that she is entitled to the rents collected by the executor arising from such intestate property. None of the residuary legatees contested the allegations of the bill, but each of them made default. The only appellant is the executor.

It is conceded that the bequests to the above-named deceased persons lapsed by reason of the deaths of such persons prior to the death of the testatrix. Appellant claims that the amount of such bequests, which approximates $4,500, became a part of the residuary estate, and should be disposed of under the residuary clause, and should not be distributed as intestate property to the heirs-at-law. He treats the lapsed bequests as personal property and invokes the rule of law as laid down in *English v. Cooper,* 183 Ill. 203, and *Crerar v. Williams,* 145 Ill. 625, that lapsed legacies will pass under a general residuary clause instead of descending as intestate property, in the absence of an express contrary intention of the testator. Such rule of law is well established and is controlling in all cases where it can be properly applied. Its application, however, must rest upon two essential premises: First, the

bequest must be of personal property, and second, the residuary clause must be broad enough in its terms to show an intention of the testator to dispose of the lapsed legacy. The rule above stated concerning a bequest of personal property is no better settled than is the one in reference to a lapsed devise of real estate. The policy of the common law with reference to a lapsed devise is that it shall pass to the heir rather than sink into the residuary estate, unless there is a special provision of the will showing a contrary intention. This policy has been adopted in this State. (*Belleville Sav. Bank v. Aneshaensel*, 298 Ill. 292, 299.)

The question naturally arises whether the lapsed bequests in this case are to be treated as lapsed legacies or lapsed devises. Where a testator directs his real estate to be sold and bequeathes the proceeds of the sale to certain named beneficiaries, the law treats the thing which ought to be done as having been done. This gives rise to the doctrine of equitable conversion and the bequest is deemed to have been made of money and not of land. (*Germain v. Baltes*, 113 Ill. 29; *English v. Cooper, supra.*) But an equitable conversion, whether it be an ''out and out'' conversion or one necessary for the purposes of the will only, from force of reason, can never take place without a beneficiary appointed by the will to receive the bequest. Thus, if a testator directs that all of his real estate be sold by his executor and the proceeds divided amongst A, B and C, there can be no conversion in the event of the death of A, B and C prior to the testator's death, because the purpose of the testator in directing the conversion will have wholly failed. And again, it is equally true that if A should die before the death of the testator, the bequest to him having lapsed and the purpose of the testator having partially failed, there can be no conversion of land into money as to A's share, although it may be necessary to sell all the land to pay the bequests made to B and C. The portion of

the proceeds which A would have received, if living, will be distributed to the heirs-at-law as real estate, although in the form of money, unless there are express directions of the testator to the contrary. (*Dorsey v. Dodson,* 203 Ill. 33.)

In 2 Jarman on Wills, page 213 (star page 621), it is said:

"And the same rule obtains, where the testator's disposition of the converted property, though originally complete, has partially failed in event by the decease of any one of the objects in the testator's lifetime; in which case the interest comprised in the lapsed gift devolves to the person who would have been entitled to the entire property, if the testator had died wholly intestate in regard thereto."

The bequests which lapsed in this case are therefore to be considered as lapsed devises of real estate and not lapsed legacies of money. Under the rules above set forth appellee, as heir-at-law, is entitled to the lapsed devises, unless they fell in the residuary estate to be distributed as a part thereof under the twenty-first clause of the will. The common law favored the legatee in the distribution of personal assets and upon slight justification would give a lapsed legacy to a residuary legatee; but it favored the heir-at-law in the disposition of real estate and always gave to him a lapsed devise, unless the language of the will expressed a contrary desire plainly and explicitly. If there was any doubt about such contrary direction, it was resolved in favor of the heir.

Williams on Executors, vol. 1, p. 786, says:

"It is now fully established that in order to exclude the heir, it is not enough that the testator shows an intention that his real estate should become money after his death; it must also be apparent that he meant it to be treated as if it had been personal estate before his death. * * * And although the will may determine in what quality the property shall be taken

by those on whom it may devolve, yet, if it does not also determine who are the persons to take, the original right of the heir-at-law must prevail. * * * It is plain, therefore, that where the conversion of land into money is directed by the testator for a particular purpose which fails (as in the case of a party intended to be benefited) so much of the estate, or of its produce, as remains undisposed of will result to the heir.''

And in speaking of the explicit direction necessary to cast a lapsed devise into the residuum, the same authority on page 788 says:

''A different point arises, where there is a general residuary bequest of personal estate, in the same will in which there is a direction for the conversion of real estate. In such a case, it should seem, that if there is a declaration in the will that the money to arise from the sale shall be deemed a part of the testator's personal estate, the undisposed residue of the proceeds will pass under the gift of the residue, but not, generally speaking, without such a declaration.''

It cannot be well contended that the testatrix in this case made any such explicit declaration with reference to lapsed devises. An examination of the language used in the twenty-first clause of the will discloses no intention or purpose of the testatrix to give to the residuary legatees the benefit of lapsed devises, but on the contrary the bequests appear to be limited strictly to the rest, residue and remainder of her estate, after the specific bequests had been excluded. This construction seems plain to us, but if it were doubtful, the doubt must be resolved in favor of the heir and not in favor of the residuary legatees.

*Dorsey v. Dodson, supra,* is a case very much like the instant one in principle. In the *Dorsey* case the testator bequeathed to his sister, Henrietta, $5,000 and provided, by his will, that if there be insufficient personal estate to pay all the legacies, his executor

should sell enough real estate to pay them. By the nineteenth clause of the will the executor was directed to sell all the remainder of his real estate and to divide the proceeds among his two sisters, Henrietta and Fanny, and his brother, John. The twentieth clause provided that the remainder of his personal estate be divided among his said sisters and brother. Henrietta died prior to the death of the testator. The specific legacy of $5,000, and the residuary legacies to her under the nineteenth and twentieth clauses of the will, lapsed. The question of what disposition to make of these lapsed legacies was litigated through the county court, the circuit court, the Appellate Court and the Supreme Court. The Supreme Court held (a) that the specific bequest of $5,000 could not be disposed of under the provisions of the residuary clause, for the reason that the particular legatee was also one of the residuary legatees, and under the rule as laid down by Schouler on Wills (3rd Ed.) sec. 19, the residuary estate cannot be augmented by a lapsed legacy in such a case; (b) that the devise to her in the nineteenth clause did not work a conversion of the real estate so far as the bequest to Henrietta was concerned, because her death produced a partial failure of the purpose of the testator; (c) that although the real estate must be sold to satisfy the bequests to the other legatees, the one-third of the proceeds bequeathed to Henrietta should be distributed as intestate property among the testator's heirs-at-law as real estate, although in the form of money, and (d) that the distribution could not be made under the residuary clause because the testator gave no specific direction to augment the residuum by the addition of the lapsed legacy.

The language employed by the testatrix in the instant case is very similar to the language used in the residuary clauses in the *Dorsey* case. In the latter case it was held that equity never presumes a con-

version of real estate into personal property, unless such a change is necessary to accomplish the lawful purposes of the will; that if circumstances arise which render the conversion unnecessary, or if the purposes of a change have ceased to exist, the law will not regard the conversion as made; and that in such a case the conversion is not required and ought not to be made. The court further held that because of the death of Henrietta there was a partial failure of the purpose for which the conversion was intended with no provision for such a contingency, and, hence the lapsed legacy did not sink into the residuum, but descended as intestate property and passed to the heirs-at-law.

Counsel for appellant urge that the testatrix intended to effect an ''out and out'' conversion and not a conversion for the purposes of the will only. In Horner on Estates, sec. 210, the distinction between an ''out and out'' conversion and a conversion for the purposes of the will only is discussed, and it is there said that ''The declaration of Illinois Courts is that here, as in other cases, the intention must control, and in the absence of a contrary intent, every conversion will be presumed to be for the purpose of the will only.'' To the same effect are Eaton on Equity, p. 241, and Beech on Modern Equity Jurisprudence, vol. 1, sec. 533. The language of the will clearly indicates that the conversion was intended for the purposes of the will only and that no ''out and out'' conversion was contemplated by the testatrix. Where the conversion is only for the former purpose and there is a partial failure of such purpose, the property retains the character which it had at the death of the testator, so far as the devolution thereof is concerned, although it may in fact be changed in form.

Counsel for appellant do not seriously contend that the chancellor was in error in holding the release given by the mother of Dorothy Johnson to Sarah A. Al-

paugh and her husband, Emanuel, was invalid on account of the fraud and undue influence practiced in procuring it, but they say that the transaction leading up to the execution of the release shows that the testatrix intended that Dorothy Johnson should receive only $500 as a legatee and nothing as an heir-at-law. With this contention we cannot agree. The will does not contain any explicit direction for the lapsed legacy to become a part of the residuum and unless a direction of that kind is made in unmistakable terms, the legal presumption is, as stated in the *Dorsey* case, that the testatrix intended the heir-at-law to receive the benefit of the lapsed devises; especially is this true when it is remembered that the devises lapsed a considerable time prior to the death of the testatrix. If the language of *English v. Cooper, supra,* appears to be in conflict with this expression, the law as it is here stated is not only supported by the later cases of *Dorsey v. Dodson, supra,* and *Belleville Sav. Bank v. Aneshaensel, supra,* but by the almost universal opinion of recognized text writers upon the subject.

From what we have said, it necessarily follows that the appellee is entitled to the rents and accumulations as decreed by the chancellor. (*Emmerson v. Merritt,* 249 Ill. 538.) The decree herein placed a correct construction upon the clauses of the will in question and directed a proper distribution of the assets. It is therefore affirmed at the costs of appellant, to be paid in due course of administration.

*Decree affirmed.*