In the Matter of the Estate of MARY L. GOODFELLOW, Deceased.

Surrogate's Court, Cayuga County. May 12, 1941.

*Ira J. Kingsley*, for the petitioner.

*G. Earle Treat*, for Howard Spoor.

WOODIN, S. This proceeding involves the construction of the eighteenth paragraph of the will of decedent which reads as follows:

" *Eighteenth.* I give, devise and bequeath to my brother Walter Spoor the sum of two thousand dollars ($2000.00), and also all the interest and income that shall be derived or that shall be due at the time of my decease on the Bonds and Mortgages which I hold on the farm and premises now owned and occupied by Walter Spoor in the town of Conquest, Cayuga County, N. Y., and I further direct that my brother Walter Spoor shall have the interest and income from these said bonds and mortgages for and during the term of his natural life and shall not be required to pay any interest thereon, and that at the decease of my brother Walter Spoor I direct that the funeral expenses together with a Steel Vault, and a monument and markers if one has not already been erected on his burial lot during his life time, for my said brother Walter Spoor shall be paid first out of the principal of the bonds and

mortgages which I hold on his farm, and that the residue that shall be remaining on the principal of said bonds and mortgages shall be devised and bequeathed as follows, viz.: To my nephew Ralph Spoor the sum of nine hundred dollars ($900.00), to my niece Ruth Spoor Taylor the sum of nine hundred dollars ($900.00), and the balance of said residue to my nephew Harold Spoor, and I further direct that my said nephews and nieces shall not receive these bequests until they arrive at the age of twenty-one years."

The life tenant, Walter Spoor, named in said paragraph has recently died and the fund in question is now to be distributed.

This fund is made up of several bonds and mortgages aggregating something over $5,000 face value.

Ruth Spoor Taylor, named as a legatee in said paragraph eighteenth, predeceased the testator, and it is conceded that the legacy of $900 given to her therein lapsed. The question is whether this legacy falls into the general residuary estate and passes to the general residuary legatees, or to Harold Spoor, the residuary legatee named in said paragraph eighteenth.

I have no hesitancy in holding that the lapsed legacy referred to does not fall in the general residuary clause of the will, but instead inures to the benefit of said Harold Spoor, the residuary legatee of the specific fund out of which the legacy referred to was payable.

The eighteenth paragraph relates entirely to a specific fund out of which certain legacies and other obligations were to be paid and the residue thereof to Harold Spoor. The general rule that lapsed legacies fall into the general residue clause applies to instances where the lapsed legacy is payable out of the general estate, the legacy being a charge thereon. In such a case· the residuary legatees receive the benefit of a lapsed legacy, assuming there is no other direction in the will. But in the case before us the lapsed legacy referred to was not payable out of the general estate, but, instead, out of a particular and specific fund. The general estate was not burdened with this payment and consequently should not be permitted to profit by this lapse.

I have not before me any New York State reported cases directly on this point, but the doctrine is laid down in the American and English Encyclopedia of Law (Vol. 18, p. 762) that " a gift of the rest, residue and remainder of a particular fund will have, so far as that fund is concerned, the same force and effect as a gift of the general residue and will, therefore, carry a lapsed legacy which was payable out of such fund," citing *English* v. *Cooper* (183 Ill. 203; 55 N. E. 687) and *Matter of Beache* (103 Vt. 70; 151 A. 654).

The doctrine laid down in these cases is persuasive and in conformity with my own views. The gift to Harold Spoor was the

balance after the payment of certain obligations  The lapsing of the Ruth Spoor Taylor legacy relieved the fund of that obligation to the same extent that the erection of the monument by the testator in her lifetime relieved the fund of that expenditure.

As counsel has stated, this eighteenth paragraph was a will within a will, complete in all respects, and the general rule applicable to lapsed legacies should be applied to this eighteenth paragraph by vesting in the residuary legatee of said fund the balance which is left after the payment of such obligations as are required to be paid.

Decree in conformity herewith may be entered.