CHARLES E. STRODE et al.

v.

LEANDER J. McCORMICK et al.

*Filed at Ottawa October 11, 1895.*

158 142
72a 256
158 142
174 353
158 142
178 366
158 142
209 605
158 142
212 353

1. REAL PROPERTY—*trust deed of settlement with wife—language creating contingent remainder.* A deed to trustees, upon settlement with the grantor's wife, in trust, to pay rents and profits to said wife for life, and at her death to sell the property and divide the proceeds among the children of the marriage, naming none, gives to a son of the marriage only a remainder in the proceeds of the sale of the property, contingent upon his surviving the wife, his mother.

2. SAME—*death of son before contingency on which he is to take happens.* Death of such son before his mother, defeats his contingent remainder in the trust property, and his children take no interest either in the land or the proceeds of sale.

APPEAL from the Superior Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

MONROE & THORNTON, for appellants:

Under the trust deed made by James M. Strode and wife his children took a vested interest in this land. 4 Kent's Com. 202, 203, 205; 2 Jarman on Wills, 406; *Gregg* v. *Bethea,* 6 B. F. Port. 21; *Kimball* v. *Crocker,* 53 Me. 263; *Ruffin* v. *Farmer,* 72 Ill. 615; *Danforth* v. *Talbot,* 7 B. Mon. 623; *Gilpin* v. *Williams,* 25 Ohio St. 288; *Williamson* v. *Field,* 2 Sandf. Ch. 533; *Nodine* v. *Greenfield,* 7 Paige's Ch. 544; *Fetrow's Estate,* 58 Pa. St. 424; *Cooper* v. *Hepburn,* 15 Gratt. 551; *Taylor* v. *Mosher,* 29 Md. 443; *Herbert* v. *Smith,* 1 Saxton, 141.

PENCE & CARPENTER, for appellees:

There was nothing more or less than a direction to sell and to divide the proceeds. This court has held repeatedly that a direction in a will to sell and to divide the proceeds is merely a devise of personal property. *Baker* v. *Copenbarger,* 15 Ill. 103; *Jennings* v. *Smith,* 29 id. 116; *Rankin* v. *Rankin,* 36 id. 293; *Germain* v. *Baltes,* 113 id. 29; *In re Corrington,* 124 id. 363; *Ebey* v. *Adams,* 135 id. 80.

Eugene Strode took no vested interest either in the land or in the proceeds of the sale of the land, under his father's deed of trust. His only right was contingent upon his surviving the period when the land was to be sold and the proceeds distributed. *Leake* v. *Robinson,* 2 Mer. 263; *In re Cartledge,* 29 Beav. 583; *Batsford* v. *Kebbell,* 3 Ves. Jr. 363; *Booth* v. *Booth,* 4 id. 399; *Blatchford* v. *Newberry,* 99 Ill. 11; *Nicoll* v. *Scott,* id. 529; *McCartney* v. *Osburn,* 118 id. 403; *Kingman* v. *Harmon,* 131 id. 171.

Mr. JUSTICE BAKER delivered the opinion of the court:

In 1846 James M. Strode was the owner in fee of a lot in the city of Chicago that is now commonly known as Nos. 84 and 86 Randolph street. His wife, Mary B. Strode, had applied for a divorce from him, and the court had determined to grant the divorce, but as yet no decree has been entered. There were then living six children, the issue of their marriage,—*i. e.*, Eugene Strode, George W. Strode, James H. Strode, Fanny E. Strode, Mary E. Strode and Edward Strode. The husband and wife made an agreement and settlement in respect to their respective property rights. Among other things, said James M. Strode executed and delivered to Elias Bayliss and Eugene Strode a deed conveying to them, in trust, the lot above mentioned and the buildings and improvements thereon. The *habendum* clause of the deed is as follows:

"*To have and to hold the same,* with all the appurtenances thereunto belonging, unto the said Elias Bayliss and Eugene Strode, their heirs and assigns, forever, in trust, nevertheless, that said Elias Bayliss and Eugene Strode, or their executors or administrators, shall at all times during the lifetime of said Mary B. Strode, collect, take and receive the rents, issues and profits which may accrue from said lot and its appurtenances, for the sole use and benefit of the said Mary B. Strode, free and discharged from any claim or demand of said James M. Strode or any person claiming under him; and at her

death the said Elias Bayliss and Eugene Strode, trustees as aforesaid, and the survivor of them, or his executors or administrators, shall sell and dispose of said lot and its appurtenances, and divide the proceeds equally among the children of said James M. Strode, the issue of his marriage with said Mary B. Strode, share and share alike, and upon making sale as aforesaid the said Elias Bayliss and Eugene Strode, and the survivor of them, or the executor or administrator of said survivor, are authorized to make and execute a deed or deeds of conveyance, in due form of law, for said premises."

Elias Bayliss and Eugene Strode entered into possession of the premises and assumed the execution of the trust. Edward Strode died in 1850, unmarried, and leaving no children. Mary E. Strode (afterwards Barker) died in 1854 or 1855. Eugene Strode died in September, 1871, leaving him surviving his widow and five children, and upon a bill filed in the circuit court of Cook county on June 6, 1873, a decree was entered on February 18, 1874, by which, among other things, Bayliss was removed as trustee and George W. Strode and William Hansbrough appointed trustees, with the same powers and rights that had originally been given to Elias Bayliss and Eugene Strode by the deed from James M. Strode.

On May 8, 1874, Mary B. Strode, widow of James M. Strode, then deceased, Sally J. Strode, widow and devisee of Eugene Strode, deceased, George W. Strode and his wife, Fanny Strode Charles and her husband, James H. Strode and his wife, and William Hansbrough and George W. Strode, trustees, mortgaged the lot to Robert C. Waterston to secure the sum of $26,000, with interest at nine per cent per annum. The moneys arising from this mortgage were in part used in paying off prior mortgages given for money borrowed for making repairs on the premises and for rebuilding after the great fire, and in part used for making further improvements on the lot. This Waterston mortgage was foreclosed in the circuit

court in 1878, and the lot struck off and sold by the master in chancery to the mortgagee, and in 1879, the property not being redeemed, a deed was executed to Waterston.

On February 20, 1891, Waterston and wife conveyed the premises in question to Leander J. McCormick, for and in consideration of the sum of $85,000. Waterston had gone into possession of the property at the date of the deed from the master, and he held possession by his tenants until he sold to McCormick and delivered possession to him. Mary B. Strode, the wife and widow of James M. Strode, had died on November 27, 1878, and Sally J. Strode, widow and devisee of Eugene Strode, departed this life June 11, 1880.

After the sale and conveyance of the lot by Waterston to McCormick, and on October 17, 1891, Charles E. Strode, Thomas F. Strode, Fannie C. Strode, Bessie E. Strode and Sallie M. Pennebaker, the five children of Eugene Strode and Sally J. Strode, both deceased, filed in the Superior Court of Cook county the bill now before us. They claim to be the equitable owners of an undivided one-fifth interest in the lot, and the prayer of the bill is for a deed for said one-fifth of the lot from Hansbrough and George W. Strode, the trustees, and for a partition, if one can be had, and if not, then for a sale of the premises, and also for an account of profits and for general relief. The cause was heard in the Superior Court upon the pleadings and proofs, and the report of the master and the exceptions thereto. The court found that the title, both legal and equitable, to said premises, is in Leander J. McCormick, one of the defendants, and that the complainants have no interest therein, and it dismissed the bill for want of equity. Thereupon this appeal was taken.

The lot on Randolph street was conveyed by James M. Strode to the trustees, in trust, that they should, during the lifetime of Mary B. Strode, collect, take and receive all rents, issues and profits which might accrue

from the lot and its appurtenances for the sole use and benefit of said Mary B. Strode, and that at her death they should sell and dispose of said lot and its appurtenances, and divide the proceeds equally among the children of said James M. Strode, the issue of his marriage with Mary B. Strode, share and share alike. It is to be noted that by this deed of July 11, 1846, neither the lot nor any interest therein, either vested or contingent, was conveyed to the children of the grantor. His direction was, that the trustees should sell and dispose of the lot and divide the proceeds among the children. Equity regards that as actually done which ought to be done, and in accordance with this principle money is sometimes regarded as land and land as money. The doctrine is, that every person claiming property under an instrument directing its conversion must take it in the character which that instrument has impressed upon it, and its subsequent devolution and disposition will be governed by the rules applicable to that species of property. *Baker* v. *Copenbarger*, 15 Ill. 103 ; *Jennings* v. *Smith*, 29 id. 116 ; *Rankin* v. *Rankin*, 36 id. 293 ; *Germain* v. *Balles*, 113 id. 29 ; *In the matter of Corrington*, 124 id. 363 ; *Ebey* v. *Adams*, 135 id. 80.

It is true, that where land is directed to be sold and the proceeds distributed, the beneficiaries of the fund thus to be raised may elect to take the land itself; but such election, to avail, must be the act of all the beneficiaries. (*Baker* v. *Copenbarger, supra; Ebey* v. *Adams, supra*.) And here, there is no claim that all the children who became entitled to share in the distribution on the death of Mary B. Strode ever attempted to make any such an election. The conclusion must therefore be, that Eugene Strode, the ancestor and devisor of appellants, never took any interest, either vested or contingent, in the lot and its appurtenances. And the further conclusion must be, that Eugene Strode not only took no interest in the lot, but never took a vested interest, under

and by virtue of the deed made by his father, in the proceeds of the sale of such lot and its appurtenances. It was provided in the deed, that *at the death of Mary B. Strode* the trustees should sell and dispose of the lot and its appurtenances, and divide the proceeds equally *among the children* of said James M. Strode who were the issue of his marriage with said Mary B. Strode, share and share alike. As we have already seen, Mary B. Strode did not die until November 27, 1878, and, as we have also seen, three of the six children of the marriage of James M. and Mary B. Strode departed this life prior to that date. Edward Strode died in 1850, Mary E. Strode (afterwards Barker) in 1854 or 1855, and Eugene Strode in 1871.

There is to be found in the deed no direct gift or grant to the children of the grantor. The deed simply directs the trustees that at the death of Mary B. Strode they shall sell the lot and divide its proceeds equally among the children of the grantor. When the time appointed for the sale and distribution arrived, in 1878, there were only three children surviving,—*i. e.*, George W. Strode, James H. Strode and Fanny E. Charles,—and these three children, and they only, were within the description of those among whom the division was to be made. No one other than a person who could, at the time of the death of Mary B. Strode, predicate of himself or herself that he or she was one of the children of James M. Strode, and issue of his marriage with Mary B. Strode, could rightfully claim anything under and by virtue of the deed. It appears from the record that the grantor in the deed was a lawyer, and therefore all the stronger is the presumption that would prevail without this circumstance, that he knew full well the names of the children born of his marriage, and that when he did not name them, or make any direct gift or grant to them or either of them, either antecedent or subsequent to the directions to the trustees, but simply directed the

trustees, at the death of his wife, to make division of a designated fund among his "children," the issue of his marriage, he contemplated the contingency of a death or deaths before the time of distribution.

An estate is vested in interest when there is a present fixed right of future enjoyment, and an estate is contingent when a right of enjoyment is to accrue on an event which is dubious and uncertain. That which Eugene Strode, the father of these appellants, took under the deed of July 11, 1846, was a contingent remainder in the proceeds of the sale and disposition of the lot and its appurtenances, and his right was contingent upon his surviving the date of the death of his mother, Mary B. Strode, at which time the property was to be sold by the trustees and the proceeds divided among "the children" of the grantor. If he had survived the event of his mother's death, then his right to share in the division of the proceeds of the lot would have vested and taken effect both in interest and in possession; but as that contingency did not happen, his contingent remainder was defeated by his dying seven years prior to the death of his mother. The conclusion must therefore be, that the adjudication of the Superior Court that the heirs and devisees of Eugene Strode, deceased, complainants in that court and appellants here, have no right or interest whatever either in the lot or in the proceeds to be derived from its sale, is correct and free from error. Among the numerous cases that sustain the view we have taken of this controversy are the following: *Leake* v. *Robinson*, 2 Mer. 363; *Batsford* v. *Kebbell*, 3 Ves. Jr. 363; *Nicoll* v. *Scott*, 99 Ill. 529; *Howe* v. *Hodge*, 152 id. 252; *Kingman* v. *Harmon*, 131 id. 171; *McCartney* v. *Osburn*, 118 id. 403; *Blatchford* v. *Newberry*, 99 id. 11.

Putting our decision upon the ground we do, that under the deed of trust Eugene Strode took no vested interest either in the lot or in the proceeds of the sale of the lot, all occasion is obviated for examining either as to the

power of the trustees under the deed of trust to execute the mortgage to Waterston, or as to the power of Sally J. Strode, under the will of Eugene Strode, her deceased husband, to bind the interests of her children, the appellants, by joining in the execution of that mortgage, or as to the bar of the Statute of Limitations.

For the reasons stated herein the decree below is affirmed.

*Decree affirmed.*