ROSA S. JOHNSON

*v.*

WALTER L. LEE *et al.*

*Opinion filed June 19, 1907.*

1. TRUSTS—*when trust is an active one.* Where the trustee in a declaration of trust is charged with the duty of caring for the property and paying taxes and assessments thereon, and he is authorized to advance his own money for that purpose and deduct the same out of the proceeds of the sale he is to make before distributing the proceeds among the *cestuis que trustent,* the trust is an active one.

2. SAME—*when power of sale is obligatory—equitable conversion.* A declaration of trust requiring the trustee to sell the land as soon as in his judgment such sale can be made for such a reasonable price as will be best for the *cestuis que trustent* and to divide the proceeds among the latter in a certain way, makes the power of sale obligatory upon the trustee and works an equitable conversion of the land into money, notwithstanding he is also required to sell, if directed to do so by the *cestuis que trustent,* before, in his judgment, he has been offered a fair price.

3. PARTITION—*what interest does not support bill for partition.* Where a trust is created whereby an equitable conversion of the land into money is effected, a subsequent grantee of one of the *cestuis que trustent* who is entitled to share in the proceeds after the trustee has sold the land under the terms of the trust acquires no such interest as will support a bill for partition of the land.

APPEAL from the Circuit Court of Cook county; the Hon. T. G. WINDES, Judge, presiding.

LEE, LEE & SCHUCHARDT, for appellant.

RUBENS, FISCHER & MOSSER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This is an appeal from the circuit court of Cook county sustaining a demurrer to and dismissing a bill filed by appellant for the partition of certain lands therein described.

The bill alleged that appellant acquired title to her interest in the real estate in the following manner: On the 29th of September, 1896, Jeremiah Leaming executed a declaration of trust in words and figures as follows:

"STATE OF ILLINOIS, } *ss.*
  *County of Cook.* }

"I, Jeremiah Leaming, do hereby declare that I have this day received from Walter L. Lee a warranty deed for the following described real estate, situate in the city of Chicago, county of Cook and State of Illinois, to-wit: Lot six (6), in block four (4), in Cochran's addition to Edgewater, being a subdivision of the south nineteen hundred and forty-six (1946) feet of the west thirteen hundred and twenty (1320) feet of the east fractional half of section five (5), township forty (40), north, range fourteen (14), east of the third principal meridian, subject to an encumbrance of fifteen hundred dollars ($1500), with interest at six per cent per annum (6%), interest payable semi-annually, which encumbrance and interest said Walter L. Lee agrees to pay as his sole debt, and the trust deed securing the same, being recorded in the recorder's office of Cook county, Illinois, in book 4879 of records, at page 272. That said deed to me is in trust for the following uses: To sell and convey the same so soon as in my judgment such sale can be made for a reasonable price, for cash or on time, as I shall deem for the best interests of the *cestuis que trust,* unless in the meanwhile such *cestuis que trust* shall direct me, in writing, to sell at an earlier day, and out of the proceeds from such sale pay, first, the costs and expenses of such sale; secondly, all charges or advances which I may make, necessary for the care of the property, including taxes and assessments; the remainder of such proceeds to be divided in three equal parts, and paid one-third to Walter L. Lee, one-third to Joseph F. Leaming and one-third to Kate Reville of the city of New York, heir of the late Nicholas C. Reville, of the same place; but the share of Walter L. Lee shall first be applied to the payment of the said encumbrance, if any then remain, of said fifteen hundred dollars ($1500), and if not sufficient funds are realized from said Lee's share to pay such encumbrance, then any remainder thereof shall be satisfied out of said Leaming's share before appropriating thereto any portion of said Reville's share, such proceeds of sale, after clearing the said premises from said costs, advances and encumbrance, to be paid equally to said three *cestuis que trust,* or their heirs, executors, administrators or assigns.

"In witness whereof I have hereunto set my hand and seal this twenty-ninth day of September, A. D. 1896.

JEREMIAH LEAMING.    (Seal.)"

The bill alleges that, at and prior to the date of the execution of the declaration of trust, Walter L. Lee, Joseph F. Leaming and Kate Reville each owned the equitable title to the undivided one-third of the real estate, subject to an encumbrance of $1500, which was primarily a lien on the interest of Walter L. Lee; that in October, 1905, Kate Reville, for a good and valuable consideration, conveyed her interest in said real estate to appellant; that shortly thereafter appellant notified Jeremiah Leaming, the trustee, of the conveyance from Kate Reville to her and that she was the owner of the interest of said Kate Reville. Appellant further alleges in her bill that on the 29th day of October, 1905, she requested Walter L. Lee and Joseph F. Leaming to join with her in a written request to the trustee to sell said real estate and to propose to him the name of a buyer who was willing to pay therefor the sum of $2100, but said Lee and Leaming refused to join her in said request and direction to the trustee, and thereupon the appellant alone served the request upon the said Jeremiah Leaming, but that he refused to comply with it by selling the premises as requested, whereupon she filed her bill for partition. Upon the demurrer being sustained thereto appellant elected to stand by her bill and a decree was entered dismissing it for want of equity.

The determination of the correctness of the decree sustaining the demurrer and dismissing the bill depends upon whether the persons named in the declaration of trust by Jeremiah Leaming were the equitable owners of the land itself or whether their interest was only in the proceeds to be derived from its sale. Appellant contends that the power of sale in the declaration of trust is not obligatory upon the trustee; that the right was reserved to the *cestuis que trust* to direct the trustee when and how to sell, and that he must wait until such direction is received before selling. There is no controversy that where, by the terms of a will, real estate of the testator is directed to be converted into money

and the proceeds distributed among his devisees, such devisees take no interest in the land but the devise is treated as one of personal property, and appellant's counsel in their brief and argument say they do not contend that this rule does not apply to deeds the same as to wills, but it is contended that where the *cestuis que trust* are the creators of the trust, there must be something more than the mere power to sell the real estate and pay the proceeds to the creators of the trust before a court of equity will treat it as an equitable conversion. The language of the declaration of trust is, that the conveyance of the real estate was made to the trustee "to sell and convey the same so soon as in my judgment such sale can be made for a reasonable price, for cash or on time, as I shall deem for the best interests of the *cestuis que trust,* unless in the meanwhile the *cestuis que trust* shall direct me, in writing, to sell at an earlier day, and out of the proceeds from such sale pay, first, the costs and expenses of such sale; secondly, all charges or advances which I may make, necessary for the care of the property, including taxes and assessments; the remainder of such proceeds to be divided in three equal parts, and paid one-third to Walter L. Lee, one-third to Joseph F. Leaming and one-third to Kate Reville," etc.

It was said in *Harris* v. *Ferguy,* 207 Ill. 534, that where the power given the trustee by will was to sell, convey and dispose of the trust estate when the trustee should deem a sale expedient or necessary, the proceeds to be divided by the trustee, "the general rule seems to be, that where control is to be exercised or duty to be performed by the trustee, or when he is to exercise discretion in the management of the estate or in the investment of the proceeds of the property, an active trust is created." In the case at bar the trustee was charged with the duty of caring for the property and paying taxes and assessments thereon, and he was authorized to make advances of his own money for these purposes and deduct the same out of the proceeds of the sale

when made, before making any distribution to the *cestuis que trust*. The trust was therefore an active one, and we do not interpret the language used as merely conferring power upon the trustee to sell when directed by the *cestuis que trust*. The language is plain and unequivocal that Jeremiah Leaming received the conveyance in trust for the purpose of selling the land as soon as in his judgment he could obtain a reasonable price therefor. The fact that a right in the *cestuis que trust* was reserved to direct the sale at an earlier day than the trustee might think it expedient to sell, does not limit or qualify the power in him to sell at any time before receiving such direction when in his judgment he was offered a fair price. He was authorized, when so directed by the *cestuis que trust,* to sell at a price which he himself deemed inadequate; but this was no restriction upon his power or duty to sell without such directions when in his judgment a reasonable price could be obtained. The exact language of the power of sale in the will before this court in *Burbach* v. *Burbach*, 217 Ill. 547, is not set out in the opinion, but from the statement of its substance there made it would seem that it was no more clear and direct than the language used in this case, and it was there said (p. 550): "It was not left to the trustees to sell or not, as they might deem best, and the only discretion given to them was as to the time when the sale should be made. They were to divide the proceeds, which would be personal property and not a proper subject for a bill for partition." In *Carr* v. *Branch*, 85 Va. 595, where the language of the will was that the testator desired his real estate sold by his executors at such time as they deemed best and the proceeds divided, it was held that this language clearly amounted to an imperative direction to the executors to sell the real estate. It was also there held that where a testator by will authorizes his executors to sell land, and it is apparent that he intended it to be sold, the doctrine of equitable conversion applies, even where the power of sale

is not, in terms, imperative. From *Baker* v. *Copenbarger,* 15 Ill. 103, down to *Darst* v. *Swearingen,* 224 id. 229, it has been held that where a will directs land to be sold and the proceeds distributed in money to the devisees, the devisees may, if competent to do so, elect to take the land itself before sale if all concur in such election, but this right cannot be exercised by one of the devisees. Until this right of election is exercised by all of the parties interested, their interest is in money and not in land.

We have examined the authorities cited by appellant in support of her contentions, and are of opinion they are not applicable to a case where the power and duty are direct and positive and not merely permissive. *Haward* v. *Peavey,* 128 Ill. 430, is cited by appellant. In that case the testator said in his will that he wished his land to be kept in his family, and that upon certain contingencies happening "the executors may sell it to any of the boys at its full value" and divide the proceeds of all his property according to directions given. The court held that as the sale by the executors could only be made to one or more of the testator's sons, and then only on condition that they were willing to pay full value for it, and in view of other provisions of the will relating to a distribution of the testator's property upon the termination of his widow's equitable estate, the power to sell was alternative, and not imperative. In *Lynn* v. *Gebhard,* 27 Md. 547, the conveyance to the trustee authorized him to convey the title vested in him to such persons as he should be directed, in writing, by a majority of the grantors in the trust deed, and, after paying certain liens out of the proceeds, to distribute the residue among the grantors. This was held not to be an equitable conversion, and the grantors in the trust deed retained an equitable interest in the land until it was sold. It will be seen that the power of the trustee in those cases is of an altogether different character from that of the trustee in this case. It seems plain that the doctrine of equitable conversion must be applied in this case

and the appellant's grantor held to have owned no interest in the land at the time she made the conveyance to appellant.

It follows that as appellant received no title to any interest in the real estate she could not maintain a bill for partition, and the demurrer was properly sustained and the bill dismissed.

The decree of the circuit court is affirmed.

*Decree affirmed.*