Newman, J.
The circuit court found that plaintiff in error had acquired no lien prior to the four months before the filing of the involuntary petition in bankruptcy against Henry C. Christy. Counsel challenge the correctness of this finding.
The section of the bankruptcy act which invalidates and nullifies certain judgments and liens is as follows:
“Section 67-f. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent, at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt, unless the court shall, on due notice, order that the right under such levy, judgment, attachment, or other lien shall be preserved for the benefit of the estate.”
*292 In determining whether a judgment is a lien, when the above section is to be applied, the law of the state where the judgment was rendered controls. This requires then an examination of two sections of the General Code relating to executions and judgment liens against property:
“Sec. 11655. Lands and tenements, including vested interests therein, permanent leasehold estates renewable forever, and goods and chattels, not exempt by law, shall be subject to the payment of debts, and liable to be taken on execution and sold as hereinafter provided.
“Sec. 11656. Such lands and tenements within the county where the judgment is entered shall be bound for its satisfaction from the first day of the term at which it is rendered, except that, judgment by confession and judgments rendered at the same term at which the action is begun, shall bind such lands only from the day on which such judgments are rendered. All other lands, as well as goods and chattels of the debtor shall be bound from the time they are seized in execution.”
The judgments /obtained by plaintiff in error against Christy were rendered in the year 1910/ more than four months before the filing of the petition in bankruptcy. If these judgments became liens on the real estate in question at that time the liens would, not be invalidated by the provisions of Section 67-f of the bankruptcy act, supra.
In the year 1910, at the time plaintiff m error obtained the judgments, Christy had full possession of the real estate in question, under and by virtue of a land contract with one Lizzie H. Neff *293 for the purchase of the real estate. Under the provisions of this land contract the real estate was to be purchased by Christy for the sum of $14,500. At the time the judgments were rendered in favor of plaintiff in error there had been paid on account thereof the sum of $6,500.
It appears from the agreed statement of facts that during the pendency of this proceeding in the common pleas court,’by agreement of all the parties to the case, the real estate was sold for the sum of $12,000. Out of the proceeds of this sale, Lizzie H. Neff was paid her claim, amounting with interest to more than $9,000, and the sum of $500 was paid to Henry C. Christy to apply upon his claim for exemptions. Taxes, costs and other expenses also were paid, and the balance, amounting to $1,886.73, is in the hands of the trustee of the estate of Henry C. Christy, bankrupt, subject to the final determination of this .case. By agreement, the fund arising from the sale of the property was substituted for and instead of the property, and the rights of the parties thereto were transferred to said fund without prejudicing in any way their respective claims.
Section 11655, General Code, was formerly Section 5374, Revised Statutes, but the words “including vested interests therein” were not in the section as originally enacted.' They were added by the amendment of 1880. This section, as it stood before the amendment, was before this court in a number of cases, and it was the holding of the court that an equity could not be levied upon and sold to pay debts, and that a judgment did not create a lien upon an equity. These cases are cited by counsel *294 in their briefs as throwing light upon the question arising here under the statute as amended: Manley v. Hunt, 1 Ohio, 257; Haynes v. Baker, 5 Ohio St., 254; Baird v. Kirtland, 8 Ohio, 21; Gorrell v. Kelsey, 40 Ohio St., 117; Schuler v. Miller, 45 Ohio St., 325.
Were it not for the fact that there has been a considerable and substantial change, as^we regard it, in the statute, those cases, of course, would be helpful to us here. It is to be presumed that the legislature in adopting the present form of the statute did so with full knowledge of the decisions of this court bearing upon the statute as originally enacted. It knew that the provisions of Sections 5374 and 5375, Revised Statutes, which bound “lands and tenements” for the satisfaction of judgments, were applicable to legal interests only. It cannot be claimed, then, that the words “including vested interests therein” were inserted without purpose or design. The same construction cannot prevail when there has been a substantial change in the law. To give to the amended statute here the same construction as was given it in its original form would not, we think, conform to the manifest intent of the legislature. Obviously the additional words were inserted to extend the operation of the statute and make a judgment binding upon certain interests in land to which formerly the provisions of the statute did not apply under the ruling of this court. If the provisions of Section 11655, General Code, apply to legal interests only, the insertion of the words “including vested interests therein” would serve no purpose.'
*295 A vendee in the possession of land under a contract for its future conveyance to him has an equitable interest in the land. Jaeger v. Hardy, 48 Ohio St., 335: Coqqshall v. The Marine Bank Co., 63 Ohio St., 88.
An equitable interest, as well as a legal interest, in real estate may be a vested one. “An estate is vested in interest when there is a present fixed right of future enjoyment, and an estate is contingent when a right of enjoyment is to accrue on an event which is dubious and uncertain.” Strode v. McCormick, 158 Ill., 142.
Christy was in the possession of the real estate ■under a contract of purchase. His interest was not a contingent one but a vested interest. There was a recognition of this fact when the property was sold by agreement of all the parties in interest, including the holder of the legal estate, and the proceeds, after the payment of the balance due under the contract, were turned over to Christy’s trustee.
The case of National Bank of Columbus v. Tennessee Coal, Iron & Rd. Co., 62 Ohio St., 564, bears upon the question involved here. The court uses this language:
“The statute was amended in 1880, Sec. 5374 [Section 11655, General Code], so as to make ‘lands and tenements, including vested interests therein,’ subject to levy and sale for the payment of debts.
“Manifestly the interest which Mr. Patton retained in the surplus of the value of the real estate over and above the amount required to pay his note, and which was to be returned to him by the terms of the instrument, was a vested interest, and therefore subject to lev}'- and sale to pay his debts.
*296 “By the next section, 5375 [Section 11656, General Code], it is provided that ‘Such lands and tenements, within the county where the judgment is entered, shall be bound for the satisfaction thereof from the first day of the term at which judgment is rendered.’ ‘Such lands and tenements,’ in this section, embraces the same as ‘lands and tenements, including vested interests therein,’ in the preceding section. It is therefore clear that the judgment in question became a lien upon the vested interest of Mr. Patton in the lands covered by this instrument, from the first day of the April term, 1894, of the court of common pleas, that is, April 7, 1894, and that the lien of the judgment attached, by relation, under the statute, to such vested interest as he then had in said lands.”
This vested interest of Christy became bound for the satisfaction of the judgments of plaintiff in error in 1910. The judgment lien attached then. These liens not having been obtained within four months prior to the filing of the petition in bankruptcy, the provisions of Section 67-f of the bankruptcy act do not apply.
Plaintiff in error is entitled to the funds in the hands of the trustee, the same to be applied to the payment of its judgments against Christy.
Inasmuch as the vested interest of Christy in the real estate became bound for the satisfaction of the judgments of plaintiff in error in 1910 and as a levy was unnecessary to perfect these judgment liens, the question whether the lien acquired by the levy made within four months from the time of the' filing of the petition in bankruptcy is void under *297 the provisions of the federal statute, is of no importance in the disposition of this case.
The judgment of the circuit court is reversed and judgment is here rendered for plaintiff in error.

Judgment reversed and judgment for plaintiff in error.

Nichols, C. J., Shauck, Johnson, Donahue, Wanamaker and Wilkin, JJ., concur.