(No. 13133.—Reversed and remanded.)

JOHN A. McCORMICK, Exr. Plaintiff in Error, *vs.* HELEN McCORMICK, Defendant in Error.

*Opinion filed April 21, 1920.*

WILLS—*when real estate will be treated as personalty although direction to sell is not imperative.* Where it is apparent from the words of a will that the testator meant that his real estate should not pass in that form to the objects of his bounty but should be converted into money and be distributed as such, although there is no imperative direction to sell, the disposition of the property will be considered in equity as a bequest of personalty, and upon the death of the testator the property will be treated in all respects as if the conversion had been made by the testator in his lifetime.

WRIT OF ERROR to the First Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. DENIS E. SULLIVAN, Judge, presiding.

THOMAS W. FLYNN, THOMAS F. BURKE, ROY C. MERRICK, and S. T. LAWTON, for plaintiff in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause is brought to this court by *certiorari* to review the judgment of the Appellate Court for the First District affirming a decree of the superior court granting sepa-

rate maintenance to Helen McCormick, defendant in error, and ordering sale of the interest of her husband, Richard J. McCormick, in the estate of his mother, Margaret Mc-Cormick, deceased, in accordance with section 11 of chapter 68 of Hurd's Statutes. John A. McCormick, executor of the last will and testament of Margaret McCormick, was joined as a defendant in the superior court, and he seeks to reverse the decree on the ground that Richard J. McCormick has no interest in his mother's estate. Defendant in error has filed no brief and the court has not had the benefit of the views of her counsel.

Margaret McCormick died January 3, 1911, leaving a will disposing of her real estate in the following language:

"I believe that my property and buildings, cor. Milwaukee and N. 40th avenues, Chicago, are worth about $50,000, but for fear they may not sell for so much, I divide the sum that may accrue from the sale of them according to the following figures between my nine children, after my lawful debts and funeral expenses are paid. My children are Annie, Mary Lilly, Kate, Genevieve, Margaret Etta, Nellie, John, Samuel and Richard.

"1st. To Annie, Mary Lilly, Genevieve, Margaret Etta and Nellie I bequeath $5000 each.

"2nd. To Kate I bequeath $1000 under the condition that she shall receive only the annual interest on that sum. The capital, $1000, to be divided after her death equally between all my grandchildren.

"3d. To John, to Samuel and Richard I bequeath $1000 each.

"In case my property would sell for more or less than $29,000, I will that the same proportion be kept on the above figures, the annual interest of only $1000 to be paid to Kate in any case.

"As long as the house on my property is not sold I desire that it should be the home of my unmarried children. However, this clause will not be a hindrance to the action

of the executor of my will in case he should find a purchaser of the whole property.

"I appoint my son John the executor of my will and testament."

Pursuant to the powers given him by the will the executor subdivided the tract of land into lots and sold some of them. Approximately $50,000 has been realized from the sales and the unsold lots are valued at about $100,000. By the terms of the will Richard is entitled to $1000 and 1/28th part of whatever remains of the proceeds received from the sale of the real estate after the payment of the legacies of $29,000. The value of Richard's interest in the estate was found to be $5301. Plaintiff in error claims to be the owner of Richard's interest in the estate by virtue of an assignment dated August 12, 1913. The consideration mentioned is one dollar, but the proof shows the consideration to have been an accumulation of small loans made by plaintiff in error to his brother Richard. The chancellor found these loans to amount to $2806.59, and held that the assignment was in the nature of a security. We have examined the evidence and think it abundantly sustains this finding.

It is earnestly contended by plaintiff in error that the chancellor erred in decreeing the sale of the interest of Richard J. McCormick in the real estate of his mother, Margaret McCormick, deceased, the contention being that the will effected a conversion of the real estate into money, and that Richard, as heir of his mother, had no interest in said real estate. There was but one way for the executor to carry out the will of the testatrix, and that was to convert the real estate into cash. There was no devise in fee of any of the real estate to any of the heirs-at-law but the entire estate was disposed of by specific and residuary bequests of money. Where a testator authorizes his executor to sell his real estate, and where it is apparent from the general provisions of the will that he intended such

estate to be sold although the power of sale is not in terms imperative, the intention to convert the estate will be implied. (*Brown* v. *Miner*, 261 Ill. 543; *Lash* v. *Lash*, 209 id. 595.) Strictly speaking, conversion of realty into personalty is effected only where a sale of the land is ordered and disposition of the proceeds is made, yet if the intention to dispose of the subject as personalty can be ascertained from the face of the will it is not indispensable that the sale should be explicitly directed as a means of conversion. Whenever it is apparent from the words of the will that the testator meant that his real estate in that form should not pass into the possession of the objects of his testamentary bounty but should be converted into money and as money come to those for whom he designs the benefaction, this will be considered in equity as a bequest of personalty, and the property will be treated in all respects as if the conversion had been made by the testator in his lifetime. In *Grove* v. *Willard*, 280 Ill. 247, this court collected and reviewed at considerable length the authorities on the subject of equitable conversion, and it is neither necessary nor advisable to repeat here what we said there.

The only reasonable conclusion to be reached is that the real estate of testatrix was converted into personalty by her will, that the conversion must be regarded as having taken place at the time of her death, and that all property rights must be determined accordingly. It follows that Richard took no interest in the real estate of his mother and that the chancellor erred in not so holding.

The judgment of the Appellate Court and the decree of the superior court are reversed and the cause is remanded to the superior court for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*