(No. 26534.—

RICHARD WATTJES, SR., *et al.* Appellants, *vs.* FANNY FAETH *et al.* Appellees.

*Opinion filed March 16, 1942.*

Harry C. Miller, M. J. Brown, and Hebrert W. Dey, for appellants.

Frank M. Ramey, for appellees.

Mr. Justice Gunn delivered the opinion of the court:

Appellants, Richard Wattjes, Sr., and Herman Wattjes, filed their complaint in equity in the circuit court of Montgomery county against appellees and others for partition of certain real estate, and for the construction of the will of Brunke Wattjes, deceased. From a decree in favor of appellees an appeal comes directly to this court, because a freehold is involved.

The complaint alleges Brunke Wattjes, testator, died October 19, 1925, leaving surviving his widow, Mary Wattjes, and appellants, his sons, and Fanny Faeth and Meta Janssen, his daughters then living, and certain grandchildren, being children of deceased sons and daughters. Meta Janssen died January 12, 1928, leaving surviving Fred Janssen, her husband, and Dirk Janssen, Heie Janssen, Carl Janssen, Marie Bergman and Emma House, her children, and only heirs. The widow, Mary Wattjes, died July 8, 1938. Letters of administration were issued in the estate of Meta Janssen, and certain claims were filed and allowed, which have never been paid.

The will of Brunke Wattjes first directed his debts be paid; and by the second clause gave his wife a life estate in all of his real property, and divided the money on hand

among his widow and heirs in certain proportions. The third clause of the will is as follows: "After my wife's death I expect all of my Real Estate which I may die possessed of to be sold at Private or Executor's Sale, the proceeds of such sale, after all costs are paid to be divided as follows: To my sons Herman and Richard Wattjes, Sr. and my daughters, Meta, Wife of F. Johnson, and Fanny, wife of H. Faeth and my grandson, Louis Rennekamp, or their legal heirs to get one-seventh part; and my Grand Children Henry Wattjes, Mary Wattjes and Johanna Wattjes each to get one twenty-first part; and my Grand Children, Minnie Wattjes and Richard Wattjes, Jr. each to get one-fourteenth part." The fourth clause of the will provides: "It is my express wish, that my two sons, Herman and Richard Wattjes, Sr. shall at the sale of my farm, have the first chance to buy the land, provided they offer to pay a fair price for the same." The sixth clause appointed appellants executors, who qualified and are still acting as such.

Appellees are the husband and children of Meta Janssen. They filed an answer admitting the allegations of the complaint, except the nature of the interests which passed under the terms of the will of Brunke Wattjes. The general contention of appellants is that the children of Brunke Wattjes became vested of a fee simple title in the real estate of the testator of such a character that partition would lie, and that Meta Janssen became vested with the title, which descended to her heirs through her estate, which would be subject to the payment of her debts. Appellees claim that by a proper construction of the will there was an equitable conversion of the real estate so that partition is not proper, and that Meta Janssen having died during the lifetime of her mother her heirs who were surviving at the date of the expiration of the life estate are entitled to an interest in the land directly under the will and not through their mother,

by reason of the words "or their legal heirs," in clause 3 of the will. The chancellor entered a decree sustaining the contention of appellees.

Two principal points are presented by this appeal: First, whether any interest in the real estate or the proceeds thereof passed to the estate of Meta Janssen, deceased, who died before her mother, Mary Wattjes; and second, did the will require a conversion of the land and thus operate as a disposition of personal property instead of real estate?

As noted above the will provided "after my wife's death I expect all of my Real Estate * * * to be sold at Private or Executor's Sale, the proceeds of such sale * * * to be divided as follows:" *viz.*, naming each son and daughter and one grandson, "or their legal heirs" a one-seventh part. The will also provides for distribution of proceeds to grandchildren in the proportion they would have taken in case of intestacy, without any reference to heirs.

Ordinarily when real estate is devised by will to a devisee "or" his heirs the use of the word "or" is in the disjunctive. (*Straw* v. *Barnes,* 250 Ill. 481.) In that case the devise was to "my brothers and sisters, or their heirs," and the will was construed to include the heirs of a brother or sister who had died before the testator. Where the property devised by the will is personal property, or land which is required by the will to be sold and the proceeds divided, the rule is the same. (*Ebey* v. *Adams,* 135 Ill. 80.) In *Pearson* v. *Olson,* 310 Ill. 252 and *Levings* v. *Wood,* 339 id. 11, it was held that the word "or" was to be construed in the disjunctive, and applied to the disposition of both real estate and personal property, so the use of such word following the name of a devisee, who has died before the period of distribution, indicates an intention to substitute the person who would qualify as an heir in the place of the devisee.

The period of distribution by the will under consideration, whether real estate or personal property, was fixed at the death of Mary Wattjes, the widow, and thus the persons qualifying to take the gift under the designation "or their heirs" are those living at her death. Meta Janssen having predeceased her mother took no interest in the property devised, and it became vested in her children as her legal heirs by way of substitution or alternative devise.

This disposes of the interests of the parties in the estate of Brunke Wattjes, but does not dispose of the claim of appellants that they are entitled to partition of the real estate. If the will of Brunke Wattjes required a sale of the real estate and distribution of the proceeds, an equitable conversion is created, which would prevent a partition upon the petition of the beneficiaries. *Knight* v. *Gregory,* 333 Ill. 643; *Buckner* v. *Carr,* 302 id. 378; *Metsker* v. *Metsker,* 320 id. 547; *Sartin* v. *Davis,* 323 id. 269.

It is claimed by appellants the expressions in the will expecting a sale of land are merely precatory, and do not have the effect of bringing about a conversion by requiring a sale of the testator's land. In *Keiser* v. *Jensen,* 373 Ill. 184, we said: "The test whether words used in a devise are dispositive or merely precatory is: Does the testator mean by such words to control the disposition of the property? If so, it is his will no matter how mildly the wish is expressed; but if he simply indicates by such words what he regards as a wise disposition, leaving it to the discretion of the person taking the legal title to the property to dispose thereof, then it is not his will."

The rule that a devise of real estate by will, which is required to be converted into money, is treated as a devise of money has been in effect since *Baker* v. *Copenbarger,* 15 Ill. 103. The rule is so well settled that it requires no more than illustration to apply it to the present case. In *Ebey* v. *Adams, supra,* the will provided upon the death of the wife the real estate be sold upon such terms as

would appear most judicious to the executors, and from the proceeds to divide the money in certain ways. In commenting upon this will the court said: "There was here no devise of the land, or of any interest in land, either to the children or grandchildren of the testator. Land devised to be sold, and the proceeds distributed, is a devise of the proceeds and not of the land. (*Baker* v. *Copenbarger*, 15 Ill. 103; *Jennings* v. *Smith*, 29 id. 116; *Rankin* v. *Rankin*, 36 id. 298; *In re Corrington*, 124 id. 363.)` This conclusion is not at all affected, as seems to be supposed by counsel, by the fact that the legal estate is not, in terms, devised to the executors. It can make no difference whether it be held to be devised by implication to the executors, as necessary to enable them to execute the trust, or it was left by the will to descend to the heir-at-law. The general principle applicable to the execution of trusts of this character is, that the trustee will take 'exactly that quantity of interest which the purposes of the trust require.' If the fee is required, the fee will be taken; if a less estate will suffice, a less estate, only, will be vested. (2 Jarman on Wills, 305, 306.) But as was said in the *Baker case, supra*: 'The legal title to the land is held in trust for the purposes specified in the will, whether the title is left by the will to descend to the heir by operation of law, or by the will it is vested in a trustee; nor does it make any difference, in this respect, that the legal title descends to the devisee to whom the bequest is to be paid in money when the land is sold.' In either event, the title would be divested upon the execution of the power of sale." This statement is comprehensive and substantially answers all questions involved in this case.

Another illustration that conversion is effected by directions less specific than those involved in this case is presented in *Knight* v. *Gregory, supra.* In that case the will provided: "After the payment of such funeral expenses and debts, I direct my estate, both real and personal to be

divided into five and one-half shares to be distributed as follows: * * * The sale and distribution of my estate after my death to be left entirely to the judgment of my son, Charles A. Gregory, in whom I have the utmost confidence, both as to his ability and integrity." This direction was held to not only operate as a conversion into personal property, but also placed a duty upon the part of the executors to carry out the sale. Under the will of Brunke Wattjes there was no devise of land to his heirs; he directed that they receive proceeds of a sale. Neither was the land devised to the wife, except for life. The fact he did not put legal title in the executors does not alter the situation further than to require them to sell at the appointed time after the death of the widow, and for this purpose they take under the will whatever is necessary to carry out the will. The words "I expect all my real estate to be sold" are anticipatory of the other direction "the proceeds to be divided as follows." If the word "expect" is to be given any effect it must be considered in connection with a gift of proceeds and with a power vested in the executors to sell, which would result in proceeds. The word "expect" means "to look forward to something about to happen." (Webster's Internat'l Dict.) Considered with the whole context of the will the word is almost used as the equivalent of "direct," and at any rate does not conflict with the gift of proceeds, which we have held is sufficient to bring about a conversion. (*McCormick* v. *McCormick* 292 Ill. 301.) There is here no mere advice to sell, but a positive bequest of proceeds of a sale, by which an equitable conversion was effected.

Complaint is made by appellants of the inability of a part of the devisees to convey title to land, but this is beside the point, because the will did not devise land, but money. It was within the power of the devisees of Brunke Wattjes to reconvert the personal property devised into land by the unanimous consent of all interested parties. (*Baker*

v. *Copenbarger, supra; Hoopeston Public Library* v. *Eaton,* 283 Ill. 449.) Nor do we regard clause 4 as in any way limiting the directions of the testator, for he reiterates his direction that the farm be sold, and also expresses a wish that appellants have the first chance to purchase; and the legal impediments, if any, of appellants becoming purchasers would have been removed by their declining to act as executors of the will of their father.

We find no error in the decree of the circuit court of Montgomery county, and it is accordingly affirmed.

*Decree affirmed.*